Theodore **WELLS** and Carole Wells, Appellants

v.

**CENDANT MOBILITY FINANCIAL CORP. and Marc Lieberman and Michelle Lieberman, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 18, 2006.
Filed Dec. 14, 2006.

Thomas R. Wilson, West Chester, for appellants.

James J. Munnis, West Chester, for Lieberman, appellees

BEFORE: STEVENS, PANELLA, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Theodore Wells and Carole Wells (the Wells's) appeal from the judgment entered in favor of Cendant Mobility Financial Corporation (Cendant) and Marc Lieberman and Michelle Lieberman (the Liebermans) (collectively the Defendants) on the Wells's claims of breach of contract, fraud, misrepresentation, violation of the Pennsylvania Real Estate Seller Disclosure Law (RESDL), 68 Pa.C.S. §§ 7301–7315, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. §§ 201–1–201–9.2. The Wells's contend that the trial court erred by failing to find the Defendants liable under their various causes of action. We find that these contentions are waived because the Wells's filed an indecipherably vague Pa.R.A.P. 1925(b) statement. The Wells's also assert that the trial court erred when it did not allow them to reopen the evidentiary record during closing argument. We conclude that this claim is waived because the Wells's did not provide the trial court with

a substantive argument in support of their position, and moreover, failed to cite to pertinent authority in their appellate brief. Since all of the Wells's claims are waived for purposes of this appeal, we affirm the trial court's judgment.

¶ 2 The Liebermans owned residential property at 4 Callery Way, Malvern, Pennsylvania (the Property). In December 2000, six inches of ground water infiltrated into the basement of the Property, due to an inoperable sump pump. The Liebermans replaced the sump pump, but were concerned about the Property's surrounding drainage infrastructure. The Liebermans complained to the builder of the Property and the local township. The builder and township engineer conducted a study of the Property and discovered that the outfall line from the sump pump was blocked, causing the water to come into the sump pit. The builder and township then worked in the basin area where the sump pump pumped water, removing a temporary riser and putting in channels and stones. After completion of the work, the Liebermans did not experience any more problems concerning flooding in the basement of the Property.

¶ 3 The Liebermans decided that they wanted to sell the Property. They retained the services of Cendant, a financing corporation that assists in occupational relocation and the buying and selling of properties owned by corporate transferees. In January 2002, the Liebermans and Cendant entered into a written contract of sale and transferred the Property from the Liebermans to Cendant. On February 2, 2002, the Wells's and Cendant entered into an agreement of sale for the Property. Prior to signing the sales contract, the Defendants provided the Wells's with two disclosure forms. The disclosure forms stated that there had been a previous drainage or flooding problem at the Prop-

erty and repairs or other attempts to control water or dampness in the basement of the Property, but these concerns were corrected by the township.

¶ 4 In June 2002, the sale of the Property closed and the Wells's obtained legal ownership. Shortly thereafter, the Wells's hired a contractor to seal the covers over the sump pits. In June 2003, the Wells's returned from an overnight trip and found seven inches of water in the basement of the Property. The two sump pumps were malfunctioning; one sump pump was burned out and the other was inoperable due to its arm being stuck. The Wells's then took corrective measures to reduce the possibility of water coming into the basement of the Property; they retained the services of a plumber, repaired one sump pump, replaced the other sump pump, purchased an additional sump pump, and installed a gravity line.

¶ 5 Despite these corrective measures, the Wells's remained unsatisfied with the level of water that continued to enter into the sump pit. The Wells's commenced a civil action against the Defendants, alleging breach of contract (misrepresentation/rescission), fraud, misrepresentation, and violations of the RESDA and UTPCPL. Specifically, the Wells's argued that basement flooding was an inherent defect of the Property's location and construction; the Defendants knew about this defect, failed to disclose it and misrepresented the condition of the Property. The Wells's sought to rescind the land sale contract, or, in the alternative, damages for loss of the Property's value and incurred expenses.

¶ 6 Following a trial without a jury, on August 24, 2005, the trial court found in favor of the Defendants. The trial court noted that all of the Wells's claims sounded in fraud and concluded "that no defendant made any fraudulent utterance or any

misrepresentation, innocently or otherwise, by overt statement or by failure to disclose, of any material fact upon which plaintiffs had the right to and did reasonably rely." Trial Court Order, 8/24/05, at 3. The Wells's then filed post-trial motions, which the trial court denied on December 15, 2005.

¶ 7 The Wells's now appeal to this Court, raising the following questions for our review:

1. Did the Defendants violate [RESDL], 68 Pa.C.S. § 7301, in their real estate sale to the Plaintiffs and thereby cause Plaintiffs to suffer damages?

2. Did the Defendants breach their contract with the Plaintiffs by misrepresenting the nature of the property they were selling to Plaintiffs and thereby cause Plaintiffs damages?

3. Did the Defendants violate [UTPCPL] by misrepresenting the nature of the property they were selling to Plaintiffs and thereby cause Plaintiffs damages?

4. Did the Defendants engage in fraud and misrepresentation in their sale of real estate to the Plaintiffs, thereby causing the Plaintiffs damages?

5. Were the Plaintiffs entitled to rescission of the real estate sales contract with the Defendants as a result of the Defendants actions and representations relating to the subject property?

6. Should the Plaintiffs have been allowed to reopen the evidentiary record in the trial to respond to questions from the Court during closing arguments?

Brief for Appellants at 4.

¶ 8 Before we consider the Wells's arguments on their merits, we must first determine if the Wells's Rule 1925(b) statement is adequate. *See* Pa. R.A.P.1925(b). In *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998), the Supreme Court of Pennsylvania held that issues not included in a Rule 1925(b) statement are deemed waived on appeal. As the Court stated:

The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

*Lord,* 719 A.2d at 308. Similarly, "[w]hen an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert,* 757 A.2d 962, 963 (Pa.Super.2000). If the Rule 1925(b) statement is so overly broad and vague that the trial court has to guess what issues an appellant is appealing, then the statement is insufficient to enable meaningful review. *See Commonwealth v. Dowling,* 778 A.2d 683, 686 (Pa.Super.2001). "In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* at 686–87. Therefore, the issues contained in a vague Rule 1925(b) statement will be deemed waived on appeal. *See id.* at 687.

¶ 9 In *Lineberger v. Wyeth,* 894 A.2d 141 (Pa.Super.2006), this Court extended *Dowling's* vagueness doctrine into the arena of civil torts. *See id.* at 148 n. 4 ("Since the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil

cases.") (citation omitted). In that case, the appellant took the diet pill fen-phen and later developed mitral valve regurgitation and aortic insufficiency. *See id.* at 143. The appellant sued the manufacturer, alleging that the company's failure to issue a warning concerning the potential side effect of valvular heart disease was the proximate cause of her injuries. *See id.* at 143–44. After summary judgment was entered against the appellant for failing to present evidence of proximate cause, the appellant filed a Rule 1925(b) statement, which contained the following issue: "the Court committed an error of law by granting [defendant's] Motion for Summary Judgment based on lack of proximate cause[.]" *Id.* at 144. On appeal, a panel of this Court noted that the appellant's Rule 1925(b) statement was not specific enough for the trial court to conduct meaningful review. *See id.* at 148–49. Particularly, this Court suggested that the Rule 1925(b) statement could have been as detailed as the arguments that the appellant raised in opposition to the defendant's motion for summary judgment. *See id.* at 149. Ultimately, we found that the Rule 1925(b) statement "announced a very general proposition" and was so overly broad and vague that the appellant's issues were waived under *Dowling. See id.* at 148–49.

¶ 10 In this case, the Wells's Pa.R.A.P. 1925(b) statement reads as follows:

1. Whether the court, in the course of the trial below, committed an error of law by not finding that Defendants violated the [RESDL], and that as a result thereof, Appellants suffered damages.

2. Whether the Court, in the course of the trial below, committed an error of law by not finding that Defendants breached their contract with Appellants and that as a result of that breach, Appellants suffered damages.

3. Whether the Court, in the course of the trial below, committed an error of law by not finding that Defendants had violated the [UTPCPL] and that as a result of that violation, Appellant suffered damages.

4. Whether the Court, in the course of the trial below, committed an error of law by not finding that Appellants had made their case entitling them to an order of rescission of the real estate sales contract at issue.

5. Whether the Court, in the course of the trial below, committed an error of law by not finding that Defendants engaged in fraud and misrepresentation and that as a result thereof Appellants suffered damages.

6. Whether the Court, in the course of the trial below, committed an error of law by not allowing Appellants to reopen the evidentiary record in response to questions from the Court during closing argument.

Appellants' Statement of Matters Complained of on Appeal (Concise Statement), 1/24/06, at 1–2 (unnumbered).

■ ¶ 11 In light of our recent decision in *Lineberger*, we find that the Wells's first five questions are too overly broad and vague to permit meaningful review. First, by stating that the trial court, "in the course of the trial below," committed an unspecified "error of law," the Wells's questions are extremely vague, encompassing the entire proceedings without providing a hint as to when, where, or how the trial court committed its alleged legal errors. Second, the Wells's first five questions are overly broad, arguing that the trial court erred "by not finding" the Defendants liable. Unlike the appellant in *Lineberger*, who at least narrowed her con-

cise statement to focus on a specific element of her cause of action, *i.e.* "proximate cause," *see* 894 A.2d at 144, the Wells's Rule 1925(b) statement is unfocused and indefinite, including all of the multiple elements of their claims.

¶ 12 In situations like this, where the Rule 1925(b) statement is obviously vague and abstract, the trial court may find waiver and disregard any argument. *See Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa.Super.2006). However, in this case, the trial court decided to err on the side of caution and wrote a Rule 1925(a) opinion. Because the Wells's Rule 1925(b) statement was open-ended and "announced a very general proposition" similar to that in *Lineberger*, the trial court was forced to assume the burden of conceiving every possibility in which it could have erred when it determined that the Defendants were not liable. Such an endless assignment severely taxes the trial court and impedes meaningful review by this Court. Although we appreciate the trial court's detailed analysis in its Rule 1925(a) opinion, we conclude that the trial court's thorough opinion does not remedy the fatal defect found in the Wells's Rule 1925(b) statement, nor does it save the Wells's questions from being waived. *See Commonwealth v. Lemon*, 804 A.2d 34, 38 (Pa.Super.2002) (stating that "when an appellant fails to identify in a vague Pa. R.A.P.1925(b) statement the specific issues he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P.1925(a) opinion.").

¶ 13 Indeed, the trial court eloquently expressed its frustration when tackling the Wells's questions in its opinion and even urged this Court to find them waived due to their lack of clarity. *See* Trial Court Opinion (T.C.O.), 3/27/06, at 1–2 n. 1. We agree with the trial court that it is not asking too much of counsel to try to formulate the issues in their Rule 1925(b) statement "with adequate accuracy and clarity so that the trial court can hone in on those issues when preparing its [Rule 1925(a)] opinion." T.C.O., 3/27/06, at 2 n. 1. Therefore, we conclude that the Wells's first five questions are waived because their Rule 1925(b) statement is unconstrained in its breadth and marked by vagueness. *See Dowling*, 778 A.2d at 686–87 ("[A] Concise Statement which is too vague to allow a court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all."). *See also Lemon*, 804 A.2d at 37 (concluding that Rule 1925(b) statements that "[t]he verdict of the jury was against the evidence," "[t]he verdict of the jury was against the weight of the evidence," and "[t]he verdict was against the law" were waived because they were too vague to permit meaningful review); *Commonwealth v. Seibert*, 799 A.2d 54, 62 (Pa.Super.2002) (concluding that Rule 1925(b) statement that stated "the verdict of the jury was against the weight of the credible evidence as to all of the charges" was waived because it was too vague to permit meaningful review).

¶ 14 In their sixth and final question, the Wells's contend that the trial court committed reversible error when it did not allow them to reopen the evidentiary record during closing arguments. Brief for Appellants at 38. Although the Wells's raised this assertion in their motion for post-trial relief, they did not present any substantive argument to support their position in their brief to the trial court; instead, the Wells's simply stated that the trial court's ruling was erroneous. Therefore, because the Wells's failed to properly develop the issue before the trial court, their sixth question is waived on appeal. *See Am. Future Sys., Inc. v. Better Bus.*

*Bureau,* 872 A.2d 1202, 1215 (Pa.Super.2005) (collecting cases and reiterating that an issue is waived when it is raised in a post-trial motion, but not briefed or argued before the trial court). Similarly, in their appellant brief, the Wells's fail to cite to any case law that suggests that the trial court erred when it denied their request to reopen the evidentiary record. In fact, the Wells's only cite to Pa.R.C.P. 126 and one case to argue that the Rules of Civil Procedure should be liberally construed. Brief for Appellants at 38. These legal references, however, have absolutely no bearing on the issue of reopening the record and admitting evidence during closing argument, and thus, are insufficient to justify appellate review on the merits. *See* Pa. R.C.P. 126 (**Liberal Construction and Application of Rules**). Consequently, the Wells's final question is also waived because they failed to cite to *pertinent* authority in support of their argument. *See In re Estate of Sagel,* 901 A.2d 538, 541 (Pa.Super.2006) ("Failure to cite pertinent authority in support of an argument results in waiver.").

¶ 15 Since all of the Wells's questions are waived for purposes of this appeal, we affirm the trial court's judgment in favor of the Defendants.

¶ 16 Judgment **AFFIRMED.**