Linda FERRIS

v.

James D. HARKINS, Elizabeth Harkins, Selective Insurance Co. of America, and Dr. Asit Patel

Appeal of Dr. Asit Patel.

Superior Court of Pennsylvania.

Argued Aug. 29, 2007.

Filed Dec. 17, 2007.

Reargument Denied Feb. 20, 2008.

James C. Sargent, Jr., West Chester, for appellant.

Timothy George Lenahan, Scranton, for appellee.

BEFORE: PANELLA, DANIELS, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 Dr. Asit Patel (Patel) appeals from the trial court orders vacating a jury's verdict awarding Linda Ferris (Ferris) zero damages and granting Ferris's motion for judgment notwithstanding the verdict (JNOV) and awarding Ferris $1,000,000 in compensatory and punitive damages. The trial court found that the evidence was such that no two reasonable minds could disagree that Patel was a factual cause of harm to Ferris and that based upon the jury's verdict, Ferris was due punitive damages. Patel initially contends that the trial court erred in finding that he waived all of his claims on appeal for failing to file a timely Pa.R.A.P.1925(b) statement. Patel argues that he filed timely Rule 1925(b)

statements arising out of each of the orders and that the trial court's finding cannot stand based upon prevailing case law. In reaching the merits of his appeal, Patel contends that the trial court abused its discretion in substituting its own judgment for that of the jury and granting JNOV. Patel argues that the evidence presented at trial supports the jury's verdict on all of the claims brought by Ferris. Patel finally contends that the trial court erred in arbitrarily awarding damages where it did not hold a hearing to determine the award and the evidence supported the jury's verdict. After study, we find that the trial court erred in granting JNOV in favor of Ferris as the evidence presented at trial does not establish that Patel was the factual cause of the harm Ferris suffered and there was a reasonable basis for the jury verdict. Accordingly, we reverse the trial court's orders and remand the case with direction to reinstate the verdict.

¶ 2 Ferris, an employee of the Beaumont Inn in Tunkhannock, Pennsylvania, fell down a stairwell at the inn as a result of a broken step and a lack of handrails in the stairwell. James D. Harkins and Elizabeth Harkins (the Harkins's) owned the Beaumont Inn and Selective Insurance Company of America (Selective) was their insurer. As a result of the fall, Ferris sought medical treatment from a variety of doctors. The doctors diagnosed Ferris with reflex sympathetic dystrophy (RSD), thoracic outlet syndrome and brachial plexopathy. In November of 2001, a doctor referred Ferris to Patel, an anesthesiologist at Tyler Memorial Hospital in Tunkhannock, for pain management treatment specifically related to RSD. Patel saw Ferris on eight occasions from November 13, 2001, until January 31, 2002. Patel attempted to treat Ferris with a variety of pain blocks including STAT ganglion blocks, right intrascalene nerve blocks, brachial plexus nerve blocks, nar-

cotic medication, and a sling. None of these treatments alleviated Ferris's pain. Patel also implanted a spinal cord stimulator, which inhibits transmission of pain by electrodes. However, the device caused Ferris to experience horrible pain and Patel had to remove the stimulator a day after it was implanted. On January 31, 2002, following his unsuccessful attempts to alleviate Ferris's pain, Patel suggested an increase of her dosage of Oxy-Contin or the insertion of a morphine pump. Patel discharged Ferris to Dr. Vincent DiGiovanni to monitor her pain medication.

¶ 3 On March 20, 2002, Ferris filed a complaint against the Harkins's (the Underlying Litigation) to recover damages related to the injuries she suffered following her fall at the Beaumont Inn. Ferris alleged a variety of injuries including RSD. Prior to the filing of the complaint, Ferris's attorney sent a letter to Patel requesting he issue a report indicating his diagnosis of Ferris and the best/worst case scenario for her health. Patel scheduled an office visit with Ferris for April 2, 2002, claiming he had to respond to her workman's compensation request. Following his examination of Ferris, Patel's diagnosis noted possible brachial plexopathy, but also indicated that he doubted she suffered from RSD. Further, Patel speculated that Ferris "might be malingering." Patel also indicated that Ferris should be able to return to work in any capacity of which she was able. Patel forwarded his conclusions to Ferris's attorney in response to his prior letter.

¶ 4 During discovery in the Underlying Litigation, Ferris's counsel received a copy of an e-mail, dated March 26, 2002, sent by one Selective employee to another. In the e-mail, the employee discussed the fact that the doctor who gave Ferris injections for her pain is a friend of James

Harkins. The email further stated that the doctor felt that Ferris was not in much pain. Finally, according to the e-mail, the employee told James Harkins that the doctor would need to put his findings into a report. After learning about this e-mail, Ferris filed the present suit against Patel, the Harkins's and Selective on June 13, 2003. In the complaint, Ferris set forth fifteen counts against Patel, alleging, *inter alia*, that Patel committed and conspired to commit various torts against her resulting in a delay of a settlement in the Underlying Litigation. Ferris sought punitive damages, compensatory damages, interest on the settlement, and attorneys' fees and expenses. The Underlying Litigation subsequently was settled for $945,000 on February 25, 2005. The figure was under the Harkins's policy limits of $1,000,000. In her claim against Patel, Ferris sought interest on the $945,000 payment from the date of the e-mail, March 26, 2002, until the date of the settlement. Ferris claimed the total interest based upon the delay amounted to $165,595.

¶ 5 The instant matter proceeded to a jury trial before the Honorable Michael T. Conahan on April 25, 2005. At trial, Patel acknowledged that during his employment at Tyler Memorial Hospital, he worked with a nurse named Elizabeth Harkins. He admitted that Elizabeth Harkins would be in the operating room with him at least four times a month. He further admitted that Elizabeth Harkins told him that she could not participate in any procedure involving Ferris because she knew Ferris. However, according to Patel, Elizabeth Harkins never told him that Ferris was suing her. As part of discovery, Ferris obtained the Harkins's telephone records which showed that they had called Patel on two occasions, the day they had received notice of the Underlying Litigation. Patel testified that the topic of these calls did not relate to the Underlying Litigation or Ferris. Patel also presented evidence that he did not cause a delay in the settlement in the Underlying Litigation. Patel presented the testimony of a litigation specialist at Selective who stated that there were a multitude of reasons why the case was not settled right away including a pending Declaratory Judgment action on the issue of coverage, a Workers' Compensation decision adverse to Ferris, and conflicting reports of the types of injuries suffered by Ferris. During the second and third days of trial, Judge Conahan participated in settlement discussions between Ferris and Patel. However, the parties could not reach an agreement and the case went to the jury.

¶ 6 On April 29, 2005, the jury returned a verdict finding Patel liable for intentional misrepresentation of material facts, negligent misrepresentation of material facts, interference with prospective contractual relations, breach of the duty of patient confidentiality, breach of contract, and invasion of privacy. However, the jury also found that Patel's conduct was not the factual cause of harm or damage to Ferris and that he did not conspire with other persons to deprive her of recovery for the injuries she suffered as a result of the fall. Because the jury found Patel was not the cause of Ferris's harm, it did not reach the issue of damages. Ferris filed post-trial motions arguing alternatively that the trial court should enter JNOV or award a new trial based upon after-discovered evidence. Patel filed a response to the motions and the trial court held a hearing on July 18, 2005.

¶ 7 On September 13, 2005, the trial court vacated the jury's verdict and entered JNOV in favor of Ferris. The trial court found that "the evidence was such that no two reasonable minds could disagree that the verdict should have been

rendered for [Ferris]; that the conduct of Dr. Patel was a factual cause of harm and damage to [Ferris.]" Order, 9/13/05, at 1 (unnumbered) (Reproduced Record (R.R.) at 2348a). Further, by the same order, the trial court, *sua sponte,* awarded Ferris $500,000 in compensatory damages and $500,000 in punitive damages based upon the jury's finding of liability. *See id.* at 2 (unnumbered). On October 7, 2005, Ferris filed a motion for post-judgment interest and a praecipe to enter judgment in her favor based upon the September 13, 2005 order. On October 11, 2005, Patel filed a notice of appeal from the September 13, 2005 order which was docketed at 1793 MDA 2005 ("First Appeal"). On October 13, 2005, the trial court ordered Patel to file a Pa.R.A.P.1925(b) statement. On October 26, 2005, Patel filed a Rule 1925(b) statement and on November 1, 2005, he filed a brief in support of the statement. Patel filed a supplemental brief in support of the Rule 1925(b) statement the following day. On November 4, 2005, Patel filed a notice of appeal from the judgment purportedly entered on October 7, 2005. This appeal was docketed at No. 1919 MDA 2005 ("Second Appeal").

¶ 8 On November 14, 2005, the trial court entered judgment in favor of Ferris in the amount of $1,000,000 with interest at a rate of 6% until the award, per the September 13, 2005 order, is satisfied. Patel filed another appeal from this judgment which was docketed at 2050 MDA 2005 ("Third Appeal"). Patel filed a motion to file a new Rule 1925(b) statement for his Second Appeal which the trial court granted. However, in a *per curiam* order, this Court dismissed the Second Appeal on December 13, 2005, stating that the appeal was duplicative of the previous appeal from the September 13, 2005 order. *See* R.R. at 2362a. This Court further stated that Patel could raise all of the properly preserved issues raised in his Second Appeal in the prior appeal. *See id.* On December 20, 2005, Ferris filed a motion to vacate the trial court's order granting Patel the right to file a new Rule 1925(b) statement because (1) the Second Appeal had been dismissed, (2) there was no order or judgment filed on October 7, 2005, (3) Patel had already filed a Rule 1925(b) statement for the First Appeal and (4) the September 13, 2005 order was the only order to which an appeal may be taken. On December 27, 2005, Patel filed a new Rule 1925(b) statement related to his Third Appeal. On January 12, 2006, the trial court vacated its order granting Patel the right to file a second Rule 1925(b) statement. The trial court stated that it would only consider matters properly raised in Patel's First Appeal. The trial court did not file a Rule 1925(a) opinion.

¶ 9 On June 8, 2006, upon Patel's application for a remand to the trial court for filing of an opinion, this Court remanded the matter to the trial court to file an opinion in accordance with Pa.R.A.P. 1925(a). *See* R.R. at 2366a. On July 10, 2006, the trial court filed an order finding the issues raised by Patel in his Rule 1925(b) statement to be waived as he did not comply with the time periods set forth in the October 13, 2005 order. On August 9, 2006, this Court again remanded the matter to the trial court stating that Patel appeared to fulfill the time requirements in the October 13, 2005 order. *See* R.R. at 2368a. This Court further stated that if the trial court found that Patel's Rule 1925(b) statement did not comply with its directives, the court must address such defects in its opinion. *See id.* On September 6, 2006, the trial court issued a Rule 1925(a) opinion finding all the issues waived because Patel failed to comply with the October 13, 2005 order for the following reasons: (1) Patel attempted to incorporate untimely documents into its Rule 1925(b) statement, (2) Patel filed an un-

timely supplemental brief, and (3) Patel filed an untimely statement on December 27, 2005. Trial Court Opinion (T.C.O.), 10/13/05, at 1–2 (unnumbered). Patel filed another application for remand which this Court denied in a *per curiam* order.

¶ 10 Patel now appeals, raising the following questions for our review:

1. Whether the trial court incorrectly determined that Appellant waived all issues on appeal by failing to comply with Pa.R.A.P.1925(b), in circumstances where Appellant timely filed and served his Rule 1925(b) Statements, in full compliance with the trial court's order?

2. Whether the trial court erred and abused its discretion by substituting its own judgment for that of the jury and granting j.n.o.v., where the evidence submitted at trial amply supported the jury's verdict that Appellant was not the factual cause of harm or damage to Plaintiff, and where the trial court capriciously disregarded all of the record evidence, despite the fact that the court was required, under firmly-rooted precedent, to view the evidence and all favorable inferences in the light most favorable to Appellant as verdict winner?

3. Whether the trial court erred and further invaded the jury's province by arbitrarily awarding excessive round-number compensatory and punitive damages without any evidentiary hearing and without affording Appellant any opportunity to be heard, much less a new trial which Pennsylvania law unequivocally requires, in violation of Appellant's state and federal rights of due process?

Brief for Appellant at 5.

¶ 11 Before addressing the merits of Patel's arguments, we must determine whether the appeal is properly before this Court. "A court's jurisdiction is a threshold issue that the court may consider of its own motion and at any time." *McCutcheon v. Phila. Elec. Co.*, 567 Pa. 470, 788 A.2d 345, 349 (2002). Here, Patel filed notices of appeal from the September 13, 2005 order granting JNOV and damages in favor of Ferris. The trial court subsequently entered a final judgment on November 15, 2005, after the notice of appeal had been entered. However, we find that this defect does not affect the validity of this appeal. *See* Pa.R.A.P. 905(a) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); *see also Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 441 Pa.Super. 281, 657 A.2d 511, 513 (1995) ("[I]t is clear that jurisdiction in appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment."); *Melvin v. Melvin*, 398 Pa.Super. 1, 580 A.2d 811, 817 (1990) ("When an appeal is improvidently taken prior to entry of final judgment, ordinarily this Court will direct the appellant to praecipe judgment and notice of appeal will be treated as being filed on the date judgment is entered."). Accordingly, we will reach the merits of Patel's appeal.

¶ 12 In his first question presented, Patel contends that the trial court erred in refusing to consider the issues he raised in his Rule 1925(b) statement. Brief for Appellant at 21. Patel argues that the trial court's reasons for waiving the appeal did not account for the fact that he filed a timely Rule 1925(b) statement. Brief for Appellant at 22–24.

¶ 13 Here, the trial court, in its Rule 1925(a) opinion, found all issues waived for the following reasons:

This Honorable Court finds that the Defendant failed to comply with the Trial Courts [sic] Order of October 12, 2005, for the following:

1) Attempting to incorporate documents into the October 26, 2005 1925(b) Statement which were not filed until after the time of [sic] the 1925(b) Statement was due; and

2) Filing an untimely Supplemental Brief on November 2, 2005; and

3) Attempting to file a new, untimely 1925(b) Statement on December 27, 2005.

It is clear that the Defendant was on notice that if all time periods in the order where [sic] not complied with, this would result in a waiver of all issues on appeal.

T.C.O., 9/6/06, at 1 (unnumbered).

¶ 14 At the time Patel was ordered to file his statement of matters complained of on appeal, Rule 1925(b) stated the following:

**Rule 1925.   Opinion in Support of Order**

\* \* \* \*

**(b) Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P.1925(b) (effective until July 25, 2007).

¶ 15 Our Supreme Court recently reaffirmed that when a trial court orders an appellant to file a Pa.R.A.P.1925(b) statement, the appellant must do so in a timely manner. *See Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 779–80 (2005); *see also Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 226 n. 2 (Pa.Super.2005) (stating principles of filing a Rule 1925(b) statement apply equally to criminal and civil cases). An appellant's failure to comply with such an order would constitute a waiver of all issues raised on appeal. *See Castillo*, 888 A.2d at 780. "Recently, this Court extended *Castillo's* prohibition against the filing of untimely Pa.R.A.P.1925(b) statements to the filing of untimely supplemental Pa.R.A.P.1925(b) statements without leave of court." *Commonwealth v. Woods*, 909 A.2d 372, 377 (Pa.Super.2006) (citing *Commonwealth v. Jackson*, 900 A.2d 936, 939 (Pa.Super.2006)). "[A]n appellant cannot simply include in a timely Pa.R.A.P.1925(b) statement a 'reservation of right' or other informal request to file an untimely, supplemental Pa.R.A.P.1925(b), no matter what the reason might be for such a request." *Woods*, 909 A.2d at 377 n. 10. However, the filing of a supplemental statement or the reservation for a chance to file another statement does not constitute waiver of claims that were raised in a timely statement. *See id.* at 378.

¶ 16 Here, based upon *Castillo* and its progeny, we find the trial court erred in finding that Patel waived all of his claims on appeal. Neither party disputes that Patel's Rule 1925(b) statement filed on October 26, 2005, was filed in a timely manner. However, the trial court stated three reasons for finding waiver of Patel's claims, all related to either late filings or citation to a late filing in the timely Rule 1925(b) statement. First, the trial court found Patel waived his claims because he attempted to incorporate his brief in support of the Rule 1925(b) statement into the actual statement. *See* 1925(b) Statement,

10/26/05, at 7 ¶ 18 (stating that Patel incorporates the brief in support of his Rule 1925(b) statement by reference while at the same time acknowledging that the brief had not been filed). The trial court, however, does not explain how this incorporation by Patel constituted waiver of the entire statement. Indeed, our Court has reviewed issues that an appellant timely raised in his Rule 1925(b) statement regardless of the fact that he attempted to file a supplemental statement or reserve the right to file another statement. *See Woods*, 909 A.2d at 378.

¶ 17 In *Woods*, appellant filed a timely Rule 1925(b) statement wherein he reserved the right to file a supplemental 1925(b) statement. *See id.* at 376. The appellant then filed an untimely supplemental statement. *See id.* Our Court found that while appellant had filed the initial statement in a timely manner, the supplemental statement was untimely and would not be considered even though the appellant attempted to reserve the time in his timely statement. *See id.* at 377. This Court specifically focused upon the fact the appellant did not file anything with the trial court which would allow him to file an untimely statement. *See id.* Accordingly, we reached the merits of only those issues that were raised in the timely statement. *See id.* at 378; *see also Crispo v. Crispo*, 909 A.2d 308, 311 n. 3 (Pa.Super.2006) (stating that this Court would consider those issues raised in the timely Rule 1925(b) statement but would not reach the merits of the issues raised in the supplemental statement).

■ ¶ 18 Here, while Patel did not attempt to reserve the right to file a supplemental statement, he did attempt to incorporate a prospective brief which had not yet been filed. In essence, Patel was attempting to incorporate further details from the brief to what he has already raised in the timely statement. The brief was not filed within fourteen days of the trial court's order nor did the trial court allow Patel leave to make the brief a part of the timely statement. Further, Patel does not indicate how he can incorporate his brief, which would ostensibly include facts, citations to case law, and arguments in support of his claim, into the actual Rule 1925(b) statement. Indeed, the statement is meant to be a "concise" statement of the errors by the trial court. *See* Pa.R.A.P. 1925(b). However, despite this conclusion, we do not go as far as the trial court would in finding waiver. To find waiver as the trial court suggests would controvert prevailing case law and would be unfair to a litigant who has followed the procedural rules and filed a timely 1925(b) statement. Accordingly, we conclude that a timely filed Rule 1925(b) statement does not result in waiver merely because the statement has attached thereto or incorporated therein, allegations or materials that was not filed originally in a timely manner.

■ ¶ 19 Patel also argues that he did not waive his claims due to the untimely supplemental brief in support of his October 26, 2005 Rule 1925(b) statement or the filing of a second Rule 1925(b) statement in December of 2005. Brief for Appellant at 23. Similar to the above reasoning, it is not clear how Patel waived his claims from the timely statement by these two separate and additional filings. As Patel initially filed a timely 1925(b) statement, we will consider those claims.

■ ¶ 20 Ferris contends that this Court should find Patel's arguments waived because his Rule 1925(b) statement was vague. Brief for Appellee at 33. Ferris argues that because Patel did not concisely identify the issues on which the trial court erred in its order granting JNOV, the trial court was impeded in its preparation of the Rule 1925(a) opinion. Brief for

Appellee at 33. Ferris points to the fact that the initial Rule 1925(b) statement was seven pages long and raised numerous issues. Brief for Appellee at 34.

■ ¶ 21 Our Court has found that where the appellant raises an outrageous number of issues in their 1925(b) statement, he/she has effectively precluded appellate review. *See Jones v. Jones,* 878 A.2d 86, 89 (Pa.Super.2005); *Kanter v. Epstein,* 866 A.2d 394, 401 (Pa.Super.2004) (finding all issues waived on appeal where appellants raised over one hundred issues and trial judge had to guess as to what they were appealing). Moreover, when the appellant provides a concise statement which is too vague to allow the trial court an opportunity to identify the issues raised on appeal, he/she has provided "the functional equivalent of no Concise Statement at all." *Commonwealth v. Dowling,* 778 A.2d 683, 686 (Pa.Super.2001); *see also Wells v. Cendant Mobility Fin. Corp.,* 913 A.2d 929, 932 (Pa.Super.2006) (finding "the issues contained in a vague Rule 1925(b) statement will be deemed waived on appeal."). Where an appellant fails to identify the issues sought to be pursued on appeal in a concise manner, "the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." *In re Estate of Daubert,* 757 A.2d 962, 963 (Pa.Super.2000). Essentially, "[w]hen the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Dowling,* 778 A.2d at 686. However, before concluding that an appellant's Rule 1925(b) statement is waived for failing to identify issues in a concise manner, "we must examine the record and any trial court opinion or order to ensure that the basis of the ruling being appealed has been provided. If the reasons for the court's order do not appear in the record, it may be impossible for the appellant to be sufficiently specific in for-mulating questions on appeal." *Hess v. Fox Rothschild, LLP,* 925 A.2d 798, 804 (Pa.Super.2007).

> When one seeking to appeal has no basis in the record to discern the basis for the order being challenged, Pa.R.A.P. 1925(b) must not be employed as a trap to defeat appellate review, requiring specifically stated challenges to the resolution of issues before there has been any revelation as to how the issues have been resolved.
>
> When the reasons for a trial court's ruling are vague or not discernable from the record, then an appellant may be *forced* to file a vague Rule 1925(b) statement, and it would be unjust to consider such filing a violation of the Rule. Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling. Therefore, under these limited circumstances where the appellant is unable to ascertain the trial court's rationale for the ruling under appeal, it is not appropriate to find waiver or to dismiss the appeal based on a vague Rule 1925(b) statement.

*Id.* (internal citations and quotation marks omitted, emphasis in original).

¶ 22 Here, the trial court granted JNOV in Ferris's favor by its order dated September 13, 2005, finding "that the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for [Ferris]; that the conduct of Dr. Patel was a factual cause of harm and damage to [Ferris]; and [Ferris] is entitled to damages[.]" Order, 9/13/05, at 1 (unnumbered). Further the trial court, by the same order, awarded Ferris punitive damages based upon the jury's finding that Patel was liable for, *inter alia,* intentional and negligent misrepresentation of material facts, interfer-

ence with prospective contractual relations, and invasion of privacy. Order, 9/13/05, at 2 (unnumbered). The trial court did not provide an opinion or any other record to specifically indicate why it found that Patel had caused harm to Ferris or what evidence upon which it relied. In a special verdict, the jury found Patel liable on multiple causes of action: intentional misrepresentation of material facts, negligent misrepresentation of material facts, interference with prospective contractual relations, breach of duty of patient confidentiality, breach of contract and invasion of privacy. However, the jury also found that Patel was not the factual cause of harm for the delay in payment to Ferris for her injuries or damages for emotional harm or invasion of privacy. Based upon these findings and the trial court's grant of JNOV in favor of Ferris without sufficient explanation, Patel raised seventeen different claims over seven pages. While Patel sets forth some facts in support of his raised issues, he clearly sets forth his claims of trial court error, most of which deal with whether he was a factual cause of harm to Ferris and whether the trial court could grant punitive and compensatory damages without holding a hearing. *See Donoughe v. Lincoln Elec. Co.,* 936 A.2d 52, 59–60 (Pa.Super.2007) (stating that although appellant's Rule 1925(b) statement was several pages long, when the issues were stripped of the sub-arguments and extraneous verbage, the statement clearly delineated the issues on appeal). Further, we do not find the statement so vague as to preclude review. Again, the fact that Patel raised some seventeen different claims alone does not constitute waiver as many of the claims state similar objections and the trial court did not adequately indicate the basis of its grant of JNOV. *See Hess,* 925 A.2d at 805 (finding no waiver of claims even though appellant's Rule 1925(b) statement was

vague where the trial court did not adequately set forth its rationale for its ruling); *Pennsy Supply, Inc. v. Mumma,* 921 A.2d 1184, 1197 (Pa.Super.2007) (holding that a seven-page Rule 1925(b) statement, while containing unnecessary and superfluous language, was not so vague as to preclude a clear understanding of the issues raised); *Commonwealth v. Zheng,* 908 A.2d 285, 288 (Pa.Super.2006) (finding no waiver where lack of specificity by the trial court in its ruling forced the appellant to file vague allegations of error in the Rule 1925(b) statement). Because we do not find waiver based upon Patel's Rule 1925(b) statement, we will now reach the merits of the issues he raises on appeal.

¶ 23 In support of his second question, Patel contends that the trial court abused its discretion in granting JNOV in favor of Ferris. Brief for Appellant at 25. Patel argues that the evidence submitted at trial does not support the trial court's finding. Brief for Appellant at 25. Patel focuses upon the jury's finding that his conduct was not the factual cause of any harm or damage to Ferris. Brief for Appellant at 26.

¶ 24 Initially, we note that "[t]he entry of judgment notwithstanding a jury verdict ... is a drastic remedy." *Bugosh v. Allen Refractories Co.,* 932 A.2d 901, 907 (Pa.Super.2007) (citation omitted).

> There are two bases upon which a court may enter a judgment n.o.v.: (1) the movant is entitled to judgment as a matter of law, or (2), the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. With the first, a court reviews the record and concludes that even with all factual inferences decided adverse[ly] to the movant, the law nonetheless requires a verdict in [his] favor; whereas with the second, the court reviews the

evidentiary record and concludes that the evidence was such that a verdict for the movant was beyond peradventure.

\* \* \* \*

We have held that in reviewing a motion for judgment n.o.v., the evidence must be considered in the light most favorable to the verdict winner, and he must be given the benefit of every reasonable inference of fact arising therefrom, and any conflict in the evidence must be resolved in his favor. Moreover, a court should only enter a judgment n.o.v. in a clear case and must resolve any doubts in favor of the verdict winner. A trial court's grant or denial of a judgment n.o.v. will be disturbed only for an abuse of discretion or an error of law. In examining this determination, [the appellate court's] scope of review is plenary, as it is with any review of questions of law.

*Quinby v. Plumsteadville Family Practice, Inc.,* 589 Pa. 183, 907 A.2d 1061, 1074 (2006) (citations and internal quotation marks omitted). Further, the weight and credibility of the evidence presented at trial is for the jury to determine and we will not substitute our judgment for that of the jurors. *See Bugosh,* 932 A.2d at 908; *see also Growall v. Maietta,* 931 A.2d 667, 670 (Pa.Super.2007) (stating this Court "cannot lightly ignore the findings of a duly selected jury.").

¶ 25 Here, the jury found that Patel was not the factual cause of any harm to Ferris and accordingly awarded her zero damages. Ferris was seeking interest for the delay in her settlement from the Underlying Litigation, damages for emotional distress, harm to her privacy, and litigation costs. The trial court, nevertheless, granted JNOV in favor of Ferris, based upon its finding "that the evidence was such that no two reasonable minds could disagree that

the verdict should have been rendered for [Ferris]; that the conduct of Dr. Patel was a factual cause of harm and damage to [Ferris]; and [Ferris] is entitled to damages[.]" Order, 9/13/05, at 1 (unnumbered). Further, the trial court granted Ferris $500,000 in compensatory damages and $500,000 in punitive damages. Order, 9/13/05, at 2 (unnumbered). The trial court, however, in granting JNOV, did not indicate what evidence and/or testimony presented at trial demonstrates that "no two reasonable minds could disagree" that Patel was the factual cause of any harm suffered by Ferris and that she was due damages. Therefore, because the trial court filed an unclear order and did not file a Rule 1925(a) opinion, we will address each of Ferris's claims of damage in turn.

¶ 26 First, Ferris claimed that Patel's actions caused her harm because he delayed the payout from the Underlying Litigation. Brief for Appellee at 53. Specifically, Ferris cites her expert's testimony, indicating Patel's actions caused the delay in payment from March of 2002 until February 2005. Brief for Appellant at 53. On the other hand, Patel contends that he did not cause any delay in Ferris's settlement. Brief for Appellant at 26. Patel specifically cites to the testimony of Selective employees who indicated that the delay in the settlement was due to a pending declaratory judgment action on the issue of coverage, an adverse worker's compensation decision against Ferris, and the need for further discovery to determine the extent of Ferris's injuries. Notes of Testimony (N.T.), 4/29/05, at 644–67. Patel argues that because the jury found that he was not the factual cause of the harm suffered by Ferris, he, as the verdict winner, should have been entitled to favorable inferences related to the evidence and facts presented at trial. Brief for Appellant at 26–27. We agree.

¶ 27 Here, Ferris and Patel presented conflicting testimony regarding the delay in the payment from the Underlying Litigation. It is unclear based upon this conflict how the evidence was so clear that the trial court could grant JNOV in Ferris's favor. Indeed, Patel is correct in stating that conflicting evidence must be resolved in his favor as the verdict winner because the jury found he did not cause the delay in Selective's payout to Ferris. As Patel introduced evidence sufficient to support the jury's finding that he was not the factual cause, there is no legal basis upon which we can disturb the jury's verdict. *See Birth Ctr. v. St. Paul Cos., Inc.*, 567 Pa. 386, 787 A.2d 376, 384 (2001) (holding that a jury verdict must be upheld if there is any legal basis for it). Accordingly, we conclude that the trial judge erred in granting JNOV as to this claim for damages. *See id.* ("While a judge may disagree with a verdict, he or she may not grant a motion for J.N.O.V. simply because he or she would have come to a different conclusion."); *see also Rohm and Haas Co. v. Continental Cas. Co.*, 732 A.2d 1236, 1248 (Pa.Super.1999), *aff'd*, 566 Pa. 464, 781 A.2d 1172 (2001) ("JNOV should not be entered where evidence is conflicting upon a material fact. Thus, where the jury has been presented with conflicting evidence, a motion for JNOV should be denied.") (internal citation omitted).

¶ 28 Ferris also claims that Patel's actions caused her to suffer emotional distress and harm to her privacy. Brief for Appellee at 51. Ferris cites to her own testimony and that of her expert, Dr. Aris Sophocles, to support her claim that she should be awarded damages. Ferris testified to the following:

Q: Did what Dr. Patel did in disclosing your confidence to somebody else, did that make you feel worse?

A: Emotionally and mentally, I couldn't handle it for those five or six months.

Q: I know you don't want to talk about this, ma'am, but tell the jury what happened to you.

A: I was already at a point in my life, I had lost, as far as I'm concerned, me, who I was. This accident has changed my whole life. I turned to Dr. Patel for, not security, but to help me. And I know the situation in which the accident occurred, that I would be—that I wouldn't win the battle with my health.

When I found out that he had spoken with the people in which I had the lawsuit with, I was devastated. Devastated. I felt like any control or any hold I had on my life was taken away from me at this point. I had lost my son for two years, the first two years after this accident. My mother was dying. And the only trust I had at the time was my doctors. I became very depressed. I just let the depression take over my frame of mind for a long period of time, and I put myself into a very bad state of mind. I just wanted to die. There was nothing—if I couldn't control at least that part of what was going on with me, I had no control on anything.

And when I heard that Dr. Patel stabbed me in the back by discussing my case with the people he knew, something I believed in all my life was gone. And that was the trust and the god-like position that physicians held.

N.T., 4/28/05, at 580–81. Dr. Sophocles testified that Ferris was injured "emotionally. It was difficult for her to have this experience. Her own physician, more or less, undermined her case and breached his duty to maintain her privacy." N.T., 4/27/05, at 217–18. Based upon this testi-

mony and Patel's failure to rebut it, Ferris claims the evidence supports JNOV as to the damages she suffered. Brief for Appellee at 51–52. We disagree.

¶ 29 It is not clear from Dr. Sophocles's testimony what, if any, specific emotional harm Ferris suffered due to Patel's actions. Therefore, the only evidence presented that shows Ferris suffered emotional harm was her own testimony. The jury heard this testimony and still found that Patel was not the cause of any harm to Ferris and that she should not be awarded damages. Indeed, the jury can believe all, part or none of the testimony presented. *See Bugosh,* 932 A.2d at 908 (stating credibility of witnesses is for the jury to determine); *see also Andrews v. Jackson,* 800 A.2d 959, 964 (Pa.Super.2002) (stating "the jury may decide, based on their experience and common sense, that a claimed injury is not serious enough to award compensation."). Because the jury ostensibly did not believe Ferris's testimony, we find the trial court erred in granting JNOV in Ferris's favor as to this claim of damages. *See Daniel v. William R. Drach Co., Inc.,* 849 A.2d 1265, 1268 (Pa.Super.2004) ("[A] jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic.") (citation omitted).

¶ 30 Third, neither party seems to dispute the award of zero damages for litigation costs. Therefore, looking at all of the evidence in a light most favorable to the verdict winner, Patel, we conclude that there was sufficient evidence to sustain the jury verdict and a reasonable basis for the jury to have found that Patel did not cause any compensable injuries to Ferris. Accordingly, we reverse the trial court's order and reinstate the verdict awarding Ferris zero damages. As we have concluded that the order granting JNOV

should be reversed, we need not address Patel's remaining argument regarding the trial court's grant of damages.

¶ 31 Order **REVERSED. REMANDED** with Directions to **REINSTATE.** Jurisdiction **RELINQUISHED.**