**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Yi De ZHENG, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 2006.

Filed Aug. 24, 2006.

Reconsideration Denied Oct. 27, 2006.

Kirk V. Wiedemer, Philadelphia, for appellant.

Hugh J. Burns, Jr. and Heather Gallagher, Asst. Dist. Atty's, Philadelphia, for Com., appellee.

BEFORE: KLEIN, GANTMAN, JJ. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 Yi De Zheng appeals from the judgment of sentence following his conviction for Endangering the Welfare of Children (EWOC).[1] We reverse.

¶ 2 Zheng was also charged with Rape, Contact with a Minor, Sexual Assault, Statutory Sexual Assault, and Indecent Assault, but the trial judge, following a non-jury trial, found that those crimes were not made out beyond a reasonable doubt. The trial judge concluded that the child, L.L., was not telling the truth when she claimed Zheng had sexually abused her for more than two years when she was approximately twelve to fourteen years old. While not stated on the trial record, according to his Pa.R.A.P. 1925(a) opinion, the trial judge based his finding of guilt of EWOC on the fact that L.L. stayed out late at night and was not properly fed. Because the facts of record do not support this conclusion, we are constrained to reverse. Also, Zheng claims that he was not given proper notice of the reasons upon which the trial judge found him guilty of EWOC. The Commonwealth argues that this claim was not raised in Zheng's Rule 1925(b) statement. We disagree. Since the trial judge was vague as to why he found the defendant guilty at the time he announced his verdict, Zheng did not know that the reasons were that Zheng purportedly let L.L. stay out late and did not provide food. When the finding of the trial judge is vague, a general Rule 1925(a) statement is all that an appellant can supply. Counsel did as well as he could in crafting the Rule 1925(a) statement.

---

1. The crime of endangering the welfare of children is defined as follows:
   (a) Offense defined.-A parent, guardian, or other person supervising the welfare of a child under 18 years of age commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.
   18 Pa.C.S.A. § 4304.

## Facts and Procedure

¶ 3 Zheng took the child, L.L., into his custody in the United States because she was the second daughter born to a friend in China, contrary to the "one child" rule in China. She admitted that she was not complying with the rules of the house and staying out late. She left the house to move to Virginia and then came back and stayed in Voyage House, a temporary youth shelter for runaway and homeless youth, and at that point made her complaints of prior sexual assaults by Zheng.

¶ 4 The trial judge acquitted Zheng on all the sexual charges. What he said with regard to EWOC was the following:

> **I can find, beyond a reasonable doubt, that he is guilty of endangering the welfare of a child; that is, by allowing this child to, more or less, go on her way and do all of the things she was doing, and so forth and so on. He put her in a jeopardizing position. That is about all I can find him guilty of . . .** [2]

¶ 5 As the trial judge rejected the sexual allegations, it is difficult to see *how* the trial judge found Zheng guilty of EWOC. All counsel had for a basis for the conviction was this somewhat cryptic statement of the judge when he pronounced sentence.

## Discussion

### 1. The claim of a Rule 1925(b) violation.

¶ 6 The Commonwealth complains that the Rule 1925(b) statement is not specific enough to include the claim that Zheng was not charged with the facts that served as the basis for the EWOC conviction.

¶ 7 However, when the appellant cannot readily ascertain the reason for a ruling, the Rule 1925(a) statement will of necessity explain in general terms why a ruling is alleged to be in error. The judge knows better than appellant why he found the defendant guilty, and therefore is in a better position to explain the details. In such circumstances, a general Rule 1925(a) statement does give the trial judge sufficient guidance to draft a Rule 1925(a) opinion and will not constitute waiver.

¶ 8 Appellant's Rule 1925(b) statement claimed: (1) that the court erred in denying the defense motion to dismiss; (2) that the verdict was insufficient; (3) that the court should have granted the motion for judgment of acquittal made immediately prior to sentencing; and (4) that the verdict was against the weight of the evidence and that a new trial was required.

¶ 9 Under the circumstances, that is all that Zheng could say. The judge did not issue findings of fact and conclusions of law. The entire thrust of the trial was that Zheng sexually abused L.L. The trial judge obviously concluded that the Commonwealth did not prove this beyond a reasonable doubt. That was what the defense was geared up to defend, and they did defend this successfully.

¶ 10 There was no indication from the number of charges filed, all relating to sexual conduct, that non-sexual conduct was going to be the basis of a conviction.[3]

---

**2.** N.T. 4/28/05, p. 19.

**3.** The Bill of Information with respect to EWOC provides as follows:
The District Attorney of Philadelphia by this information charges that on diverse dates from 1/1/02 to 12/31/02 [handwritten notation 7–24–00 to 9–30–03] in Philadelphia, Yi De Zheng

1. Being a parent, guardian, or other person supervising the welfare of a child under 18 years of age, knowingly endangered the welfare of the child by violating a duty of care, protection or support.
2. Furthermore, there was a course of conduct of endangerment of the child's welfare.

In its opening statement and thereafter, the Commonwealth only talked about the sexual abuse charges. The vague language in the Information that there was merely some "course of conduct" did not indicate any charges for non-sexual conduct. There was little help in the vague statement of the Court that he was convicting Zheng because he allowed L.L. "to, more or less, go on her way and do all of the things she was doing, and so forth and so on. He put her in a jeopardizing position." That language does not explain exactly *why* the trial judge convicted Zheng of EWOC. Although post-sentence motions were filed, they were denied by operation of law because the trial judge did not rule on them, so there was no indication in any ruling on post-verdict motions why the judge convicted Zheng. The reasoning of the court was spelled out somewhat in the Rule 1925(a) opinion only *after* the Rule 1925(b) statement was submitted.

¶ 11 If the reasons for the ruling of the Court are vague, then an appellant is *forced* to file an incomplete Rule 1925(b) statement and there is no violation of Rule 1925(b). Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling. Counsel then can only do his or her best to identify appellant's complaints. Counsel in this case could only state *what* he was appealing, since the trial judge never made it clear to him *why* Zheng was found guilty.

¶ 12 Since Zheng could not ascertain that he was being convicted for letting L.L. stay out late and not giving her meals, there was no way, prior to seeing the trial court's Rule 1925(a) opinion, that

Child—L.L. [real name deleted for this opinion]
Age of child—15 years old and as a course of conduct.

he could complain that this was not charged. The trial judge was the only one who knew the basis for the conviction. It is impossible to file a Rule 1925(b) statement with particular objections to a ruling if the appellant has no way of knowing the trial judge's reasons for the ruling.

¶ 13 As noted, if the trial ruling is vague, we cannot find waiver for failure to include an issue in the Rule 1925(b) statement that could not be known until clarification is made in the Rule 1925(a) opinion. Justice requires such a result. Therefore, we will address the merits.

### 2. The sufficiency of the evidence.

¶ 14 Perhaps if the judge had just said "guilty" of EWOC, the conviction might stand. But we know that the sexual abuse was not believed beyond a reasonable doubt and Zheng was convicted because of other actions dealing with the child. This is the equivalent of a specific finding of fact. We know the trial judge found as a fact that the evidence did not justify a conclusion that there were sexual assaults on L.L.

■ ¶ 15 Absent the sexual allegations, a thorough review of the record does not support a conviction of EWOC on the grounds stated by the trial judge in the Rule 1925(a) opinion nor on any other grounds. The record shows that Zheng did do what he could to keep L.L. from staying out late at night. L.L. *admitted* she was becoming a disciplinary problem. One does not convict parents merely because their teenage charges are disobedient if the parents act reasonably to try to cope with the problem. Zheng went to L.L.'s confidant, Ms. Tsang, her English

No. of Counts—1

tutor, for help with the discipline problem. He spoke to her mother in China. At one point, L.L. went back to China and, after some time, her biological mother relayed that L.L. would change and "follow our rules or do her chores." (N.T. Waiver Trial, 4/26/05, at 181). Zheng also went to stay with her to cousins in Virginia, on two occasions, in an attempt to discipline her. *Id.* at 182. After one visit, she came back in a day and then ran away from home. *Id.* at 183–184.

¶ 16 Likewise, there is no evidence that Zheng deprived L.L. of food. Zheng and his wife worked in a restaurant until late hours. L.L. frequently did not come home at the time she was supposed to for dinner. Both Zheng's sons and L.L. were able to either prepare food or order food. When Zheng's work allowed him to be home for dinner, they would eat together, assuming L.L. bothered to come home. There was one occasion when L.L. came in very late for dinner and was told there was nothing left. Certainly not providing a rebellious teenager with dinner on one occasion when she comes home late is not endangering the welfare of a child. In fact, this was an effort to discipline her, which the trial judge says should have been done. None of the acts cited by the trial judge show that L.L.'s welfare was endangered by Zheng at any time.

¶ 17 Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we cannot conclude that the evidence established beyond a reasonable doubt that Zheng violated a duty of protection, care or support. *Commonwealth v. Weiss,* 565 Pa. 504, 776 A.2d 958 (2001).

3. **The conviction was based on actions not listed in the Information.**

■ ¶ 18 If the evidence were believed concerning the sexual abuse, there would be sufficient evidence to convict of EWOC. However, the Court did not find sufficient evidence to convict for any of the sexual charges.

¶ 19 As noted, the Bill of Information was vague. It was connected with the multiple sexual abuse charges, so all that Zheng was on notice of was that he had to defend against the charges that he had sexually abused L.L. over a period of time. If the Bill of Information was merely for EWOC, it might be sufficient. However, it was filed in connection with all the sexual assault charges. Further, in its opening statement, the Commonwealth only talked about the sexual abuse charges. There was no possible way Zheng could anticipate a conviction based on L.L.'s late hours and the fact that while he was working, his sons and L.L. either made or ordered in their meals. It was only at the end of the trial that Zheng could have even had an inkling that he was convicted because he "let" L.L. stay out late and did not provide her food, and he could not know of the details of the ruling until after the trial judge filed a Rule 1925(a) opinion.

¶ 20 Under Pa.R.Crim.P. 560, an information should contain the essential elements cognate to the offense. Looking at the charges, it is only in the context of the sexual assault charges that EWOC could be established. There was nothing in the information or otherwise that would lead Zheng to anticipate that the late hours and mealtime situation would be considered a criminal violation.

¶ 21 Because of the violation of Pa. R.Crim.P. 560, as well as the lack of focus by the Commonwealth on facts other than the charges of sexual misconduct, it was improper for the trial judge to base a conviction on these acts. The conviction should be reversed for this reason as well.

* * * * *

¶ 22 Judgment of sentence reversed. Defendant is discharged.

¶ 23 P.J.E. McEWEN concurs in the result.