J-S22024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICARDO PEREZ-TOLEDO | |
| Appellant | No. 997 MDA 2016 |

Appeal from the PCRA Order May 17, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001329-2011

BEFORE: SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.: **FILED AUGUST 15, 2017**

Ricardo Perez-Toledo appeals from the May 17, 2016 order entered in the Luzerne County Court of Common Pleas denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm.

This Court, in deciding Perez-Toledo's direct appeal, set forth the following factual and procedural history:

> On June 28, 2011, the Luzerne County District Attorney filed a [c]riminal [i]nformation charging [Perez-Toledo] with [r]ape of a [c]hild and related offenses. [These charges stemmed from Perez-Toledo's repeated sexual assault of a minor female victim, S.R.-S. (hereinafter, "the victim"), over a five-year period from January 2005 to December 2010, during which [the victim] was between six and 11 years old. The victim disclosed these assaults to her school guidance counselor, who subsequently alerted police.] [Perez-Toledo] pleaded not guilty and a

_____

[*] Retired Senior Judge assigned to the Superior Court.

jury trial commenced on October 16, 2012. [At trial, the victim testified in a manner inconsistent with her testimony during the April 27, 2011 preliminary hearing.] On October 18, 2012, the jury returned verdicts of guilty on [rape of a child, two counts of involuntary deviate sexual intercourse with a child, and indecent assault.[1]] A Pre-Sentence Investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department, and a sentencing date was scheduled.

A sentencing hearing commenced on March 15, 2013, when [Perez-Toledo] stipulated to a determination by the Sexual Offenders Assessment Board (SOAB) that he be classified as a sexually violent predator. Upon consideration of the submissions of counsel, the SOAB Report, and a review of the PSI, [the trial court] sentenced [Perez-Toledo] to an aggregate term of incarceration of [] 22 to [] 44 years in a state correctional institution.

*Commonwealth v. Perez-Toledo*, 738 MDA 2013, unpublished mem. at 1-2 (Pa.Super. filed June 6, 2014) (quoting Trial Ct. Op., 11/27/13, at 1-2) (citations omitted) (some alterations in original). On April 15, 2013, Perez-Toledo timely filed a notice of appeal, and on June 6, 2014, this Court affirmed Perez-Toledo's judgment of sentence. *See id.* at 11.

On January 21, 2015, Perez-Toledo timely filed a PCRA petition asserting ineffective assistance of trial counsel. On March 23, 2016, the PCRA court held a hearing. At the hearing, Perez-Toledo testified and called two additional witnesses, but did not call his trial counsel to testify. On May 17, 2016, the PCRA court denied Perez-Toledo's petition. On June 14, 2016, Perez-Toledo timely filed a notice of appeal.

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), and 3126(a)(7), respectively.

Perez-Toledo raises four issues on appeal:

1. Whether the lower court erred in suggesting a waiver of the issues?

2. Whether the lower court erred in concluding that [Perez-Toledo] was required to call trial counsel to testify?

3. Whether the lower court erred in concluding that [Perez-Toledo] had failed to plead that the ineffective assistance of trial counsel failed to affect the outcome of the trial?

4. Whether the lower court erred in not reaching the merits of the issues presented, those issues being as follows:

    a. Ineffective assistance of counsel in failing to object to the admission of the preliminary hearing transcript.

    b. Ineffective assistance of counsel in failing to object to the admission of hearsay testimony by 4 witnesses

    c. Ineffective assistance of counsel in failing to call character witnesses.

Perez-Toledo's Br. at 4 (unnecessary capitalization omitted; suggested and trial court answers omitted).

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

All but one of Perez-Toledo's issues challenge the trial court's denial of his ineffective assistance of counsel claims. "To prevail on . . . [ineffective assistance of counsel] claims, [the PCRA petitioner] must plead and prove,

by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." **Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). "The law presumes counsel was effective[,]" **Commonwealth v. Miner**, 44 A.3d 684, 687 (Pa.Super. 2012), and PCRA petitioners "bear[] the burden of pleading and proving each of the three . . . factors by a preponderance of the evidence," **Commonwealth v. Perry**, 128 A.3d 1285, 1289 (Pa.Super. 2015), *app. denied*, 141 A.3d 479 (Pa. 2016). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any of these prongs." **Commonwealth v. Williams**, 980 A.2d 510, 520 (Pa. 2009).

## I. Pennsylvania Rule of Appellate Procedure 1925(b)

First, Perez-Toledo argues that the PCRA court erroneously suggested that Perez-Toledo waived his appellate issues because he failed to include them with adequate specificity in his Pennsylvania Rule of Appellate Procedure 1925(b) statement.[2]

"As a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal." **Commonwealth v. Poncala**, 915 A.2d 97, 100 (Pa.Super. 2006).

---

[2] While the PCRA court did not expressly find waiver, the Commonwealth urges us to rule on that ground. Cmnwlth's Br. at 6-8.

"However, when the appellant cannot readily ascertain the reason for a ruling, the Rule 1925(b) statement will of necessity explain in general terms why a ruling is alleged to be in error." *Commonwealth v. Zheng*, 908 A.2d 285, 287 (Pa.Super. 2006). In *Zheng*, the appellant was charged with a variety of sexual offenses as well as endangering the welfare of a child ("EWOC"). *Id.* at 286. Following a bench trial, the trial court acquitted Zheng of the sexual offenses but convicted him of EWOC; at that time, the trial court did not issue findings of fact or conclusions of law that explained the EWOC conviction. *Id.* at 287. In his Rule 1925(b) statement, Zheng asserted that: the court erred in denying his motion to dismiss, the evidence was insufficient to support his conviction, the court should have granted a motion for judgment of acquittal made prior to sentencing, and the verdict was against the weight of the evidence. *Id.* In its Rule 1925(a) opinion, the trial court explained its reasoning for convicting Zheng of EWOC, noting that the child "stayed out late at night and was not properly fed." *Id.* at 286.

On appeal, the Commonwealth argued that Zheng had waived his challenges to the trial court's decision, because his Rule 1925(b) statement was too vague. *Id.* at 287. We disagreed, concluding that

> [i]f the reasons for the ruling of the Court are vague, then an appellant *is forced* to file an incomplete Rule 1925(b) statement and there is no violation of Rule 1925(b). Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling. Counsel then can only do his or her best to identify appellant's complaints. Counsel in this case could only state *what* he was appealing, since the trial judge

> never made it clear to him *why* Zheng was found guilty. . .
> . It is impossible to file a Rule 1925(b) statement with
> particular objections to a ruling if the appellant has no way
> of knowing the trial judge's reasons for the ruling.

*Id.* at 288.  Accordingly, we reviewed Zheng's claims on the merits.

We conclude that Perez-Toledo's Rule 1925(b) statement preserved his issues for appeal.  The PCRA court's order denying relief did not state the court's reasons for doing so, and the court did not issue findings of fact or conclusions of law until its Rule 1925(a) opinion.  As in **Zheng**, Perez-Toledo could not have known the reasons for the PCRA court's ruling until after the trial court filed its Rule 1925(a) opinion.  Therefore, we review the merits of Perez-Toledo's claims.

## II.    Failure to Call Trial Counsel

Next, Perez-Toledo argues that the trial court inappropriately required Perez-Toledo to present the testimony of trial counsel to prove his ineffectiveness claims.  Perez-Toledo presented three claims, alleging that his trial court was ineffective for: (1) failing to obtain or present character witnesses on Perez-Toledo's behalf; (2) failing to object to Commonwealth witnesses' testimony regarding statements made by the minor victim; and (3) failing to object to a portion of victim's preliminary hearing testimony that was read to the jury.  According to Perez-Toledo, the PCRA court "essentially bases its entire opinion on the idea that [Perez-Toledo] was required to present trial counsel as a witness at the PCRA hearing[.]"  Perez-Toledo's Br. at 13.  Perez-Toledo argues that requiring him to present trial

court's testimony would force PCRA counsel "to offer evidence that was very likely harmful to [Perez-Toledo] at the time of the PCRA hearing." *Id.* at 14.

In *Perry*, the appellant filed a PCRA petition alleging, among other things, that his appellate counsel was ineffective for failing to challenge the jury's receipt of unmarked evidence. 128 A.3d at 1288-89. The PCRA court held an evidentiary hearing, but the appellant failed to compel appellate counsel's attendance. *Id.* at 1288. Instead, trial counsel, who was appellate counsel's colleague from the public defender's office, testified (1) that the trial transcript showed that the jury received unmarked evidence and (2) that appellate counsel did not raise the issue on direct appeal. *Id.* Trial counsel then purportedly "concede[d] on behalf of the public defender's office that appellate counsel was ineffective." *Id.* at 1288-89. The PCRA court granted appellant's petition, reinstating his appellate rights *nunc pro tunc*. *Id.* at 1289.

On appeal, we reversed, concluding that "[t]rial counsel's opinion of her colleague's effectiveness is irrelevant" to evaluating appellate counsel's assistance. *Id.* at 1290. We explained that "[o]ur Supreme Court has cautioned that, 'as a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion.'" *Id.* (quoting *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012)). However, we did not establish a blanket rule requiring a PCRA petitioner to call counsel whose effectiveness is being challenged. Rather, we concluded that "the record before us is devoid of any evidence to

overcome the presumption that counsel was effective" and appellant's "failure to demonstrate that appellate counsel had no reasonable basis for her actions is fatal to his [ineffective assistance of counsel] claim." **Id.**

Here, the PCRA court examined Perez-Toledo's claims within the three-factor ineffectiveness framework and found that Perez-Toledo failed to prove by a preponderance of the evidence that trial counsel was ineffective. Specifically, the PCRA court noted that "a PCRA petitioner must provide an evidentiary basis on which to find trial counsel's actions unreasonable," Opinion, 9/23/16, at 7 ("1925(a) Op.") (quoting **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 784 (Pa.Super.), *app. denied*, 123 A.3d 331 (Pa. 2015)). And because Perez-Toledo failed to call trial counsel, the PCRA court "was left to speculate as to whether counsel's course of action was a matter of strategy and the record is devoid of evidence to overcome the presumption that trial counsel was effective." **Id.** at 8-9. The PCRA court concluded that in the absence of trial counsel's testimony, Perez-Toledo could not prove by a preponderance of the evidence that trial counsel was ineffective.

We agree with the PCRA court that Perez-Toledo's failure to call trial counsel is fatal to his claim that counsel was ineffective for failing to call character witnesses. Without testimony from trial counsel, the PCRA court could not determine counsel's reason for not calling character witnesses; indeed, there are a number of reasons why trial counsel might make such a strategic choice. **See, e.g., Commonwealth v. Van Horn**, 797 A.2d 983,

988 (Pa.Super. 2002) (finding counsel's decision not to call character witnesses reasonable where appellant had prior convictions for burglary and statutory rape); **Commonwealth v. Ervin**, 766 A.2d 859, 866 (Pa.Super. 2000) (finding counsel's reason for not calling character witnesses associated with children's events in child molestation case reasonable where counsel considered witnesses inappropriate in light of charges against appellant). Because trial counsel did not testify, it was impossible for the PCRA court to determine whether or not the failure to call character witnesses was the product of a reasonable strategic choice. Therefore, Perez-Toledo failed to meet his burden of showing that counsel had no reasonable basis for his actions, and we conclude that the PCRA court did not err in concluding that counsel was not ineffective for failing to call character witnesses. **See Williams**, 980 A.2d at 520.

In contrast, we conclude that Perez-Toledo's failure to call trial counsel at the PCRA hearing is not by itself fatal to his claims regarding trial counsel's ineffectiveness for failing to object to testimony relating the victim's out-of-court statements. Although generally PCRA courts "should not glean from the record whether counsel had a reasonable basis for his action or inaction absent an evidentiary hearing," **Commonwealth v. Hanible**, 30 A.3d 426, 442 (Pa. 2011), this Court has found some actions taken by counsel as *per se* unreasonable, such as when counsel fails to investigate known witnesses, **see Commonwealth v. Stewart**, 84 A.3d 701, 712 (Pa.Super. 2013). Here, Perez-Toledo claims that counsel failed to

object to critical testimonial evidence. If the testimony in question were subject to valid objection, it would be difficult for us to conclude that counsel had a reasonable basis for his actions. Thus, the PCRA court erred in dismissing Perez-Toledo's claims regarding the admission of the victim's statements based on his failure to meet the second prong, without considering the merits.[3] We therefore review the merits of Perez-Toledo's claims regarding the admission of the victim's statements.

### III.    Admission of Victim's Statements

Perez-Toledo asserts that his trial counsel was ineffective for failing to object to testimony by four Commonwealth witnesses regarding prior inconsistent statements made by the minor victim. Perez-Toledo argues that such statements were inadmissible hearsay, and not admissible under the Tender Years Act, 42 Pa.C.S. §§ 5981-88, and trial counsel therefore should have objected to the admission of the statements.

We conclude that Perez-Toledo's argument does not merit relief. First, the record shows that for three of the four witnesses, the trial court admitted this evidence for the limited purpose of impeachment and instructed the jury that it could only consider the victim's prior inconsistent

_____

[3] While the trial court dismissed Perez-Toledo's claims because he failed to prove his ineffectiveness claims by a preponderance of the evidence, its opinion primarily focused on Perez-Toledo's failure to call trial counsel at the PCRA hearing.

statements for that limited purpose. *See* N.T. 10/17/12, at 55-56, 62, 66, 104 ("N.T. Trial").[4] Thus, these statements were not hearsay, as the trial

_____

[4] The last of these witnesses was Gary Lawrence, M.D., the physician who examined the minor victim. At the end of Dr. Lawrence's testimony, the trial court instructed the jury that it could only use the victim's statements to Dr. Lawrence for impeachment purposes. However, on the Commonwealth's motion, the trial court amended its instruction to the jury such that it could consider as substantive evidence the signs and symptoms described by the victim to Dr. Lawrence pursuant to Pennsylvania Rule of Evidence 803(4):

> The jury has returned and we are ready to proceed. The Commonwealth having rested their case at this time, I do want to give the members of the jury just some clarification of my instruction regarding the last witness, Dr. Lawrence's testimony.
>
> There was testimony provided by Dr. Lawrence and I had given you a prior instruction, which I just want to clarify. The testimony or evidence that was presented by Dr. Lawrence concerning evidence related to past or present symptoms of [the victim] or concerning diagnosis or history or causation of her need for treatment by Dr. Lawrence are admissible and may be considered by you as evidence in this case.
>
> That portion of his testimony, however, that related to identity of anyone who may have caused any injury or any symptom for which [the victim] was receiving treatment may only be considered by you for the very limited purpose to help you judge simply the credibility and weight of the testimony given by [the victim] since that would have constituted a statement on an earlier occasion that was inconsistent with the testimony she provided her in this trial.
>
> So that portion of Dr. Lawrence's testimony may only be considered by you to help you judge the credibility and weight of the testimony of [the victim] given at this trial.

*(Footnote Continued Next Page)*

court prohibited the jury from using the statements as proof of the truth of the matter asserted therein. *See* Pa.R.E. 613 cmt. ("To be used for impeachment purposes, an inconsistent statement need not satisfy the requirements of Pa.R.E. 803.1(1)(A)-(C)[,]" which governs the admissibility of prior inconsistent statements for substantive purposes). In addition, because the statements were not used to prove the truth of the matter asserted, or in the case of Dr. Lawrence were admitted on an independent basis, *see supra* note 3, the tender years statute was not implicated. *See* 42 Pa.C.S. § 5985.1 ("An out-of-court statement made by a child victim, who at the time the statement was made was 12 years of age or younger, describing . . . offenses enumerated in 18 Pa.C.S. Ch[.] . . . 31 (relating to sexual offenses) . . ., **not otherwise admissible by statute or rule of evidence**, is admissible in evidence in any criminal or civil proceeding if . . .") (emphasis added). Because the underlying claim lacks arguable merit, we conclude that counsel was not ineffective for failing to object to the four witnesses' testimony as to the minor victim's prior inconsistent statements. *See Commonwealth v. Koehler*, 36 A.3d 121, 140 (Pa. 2012).

Next, Perez-Toledo argues that trial counsel was ineffective for failing to object to the admission of the victim's preliminary hearing testimony, which he claims was objectionable on two separate grounds. First, he

*(Footnote Continued)* ───────────

N.T. Trial at 114-16. Perez-Toledo does not challenge on appeal the trial court's supplemental instruction as it relates to Rule 804(b).

contends that the Commonwealth offered the preliminary hearing testimony as extrinsic evidence of a prior inconsistent statement, which required the Commonwealth to confront the victim by showing her the preliminary hearing transcript and its contents. Perez-Toledo asserts that the Commonwealth merely disclosed the existence of the testimony, which failed to meet the procedural requirements of Pennsylvania Rule of Evidence 613.

Second, Perez-Toledo argues that the preliminary hearing testimony was inadmissible as substantive evidence. According to Perez-Toledo, the Commonwealth failed to meet the requirements of Pennsylvania Rule of Evidence 803.1(1) because, while the victim testified at trial, she was never subject to cross-examination about the prior inconsistent statements she made in her preliminary hearing testimony. Perez-Toledo asserts that because the Commonwealth did not examine the witness about the preliminary hearing testimony before its admission, the trial court should not have admitted the transcript under Rule 803.1(1) and his trial counsel should have objected to its admission.

We conclude that this claim lacks merit. First, the preliminary hearing transcript was admitted as substantive evidence. Therefore, its admission is not affected by the procedural requirements of Rule 613, which governs the admissibility of prior inconsistent statements for the sole purpose of impeachment. It is well settled that "a prior inconsistent statement may be offered not only to impeach a witness, but also as substantive evidence if it meets additional requirements of reliability." ***Commonwealth v. Carmody***,

799 A.2d 143, 148 (Pa.Super. 2002). Thus, because the statement was admitted as substantive evidence, the jury could consider the statement not only as proof of the truth of the matter asserted, but also to test the credibility of the witness.

Further, the preliminary hearing testimony was properly admitted as substantive evidence. Rule 803.1(1) governs the admissibility of prior inconsistent statements as substantive evidence:

> **Rule 803.1. Exceptions to the Rule Against Hearsay—Testimony of Declarant Necessary**
>
> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> . . .
>
> **(1) Prior Inconsistent Statement of Declarant-Witness**. A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:
>
> > (A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;
> >
> > (B) is a writing signed and adopted by the declarant; or
> >
> > (C) is a verbatim contemporaneous electronic recording of an oral statement.

Pa.R.E. 803.1(1).

As admitted by trial counsel, the victim's testimony at the preliminary hearing was under oath and counsel was given the opportunity to cross-examine the victim at that hearing. *See* N.T. Trial at 38-39 ("The only

statement . . . that can be introduced as substantive evidence is the preliminary hearing transcript, because at the time, the child was under oath and defense counsel was allowed to cross-examine her."). In addition, although trial counsel did not cross-examine the victim at trial, he was given the opportunity to do so. Under similar circumstances, we have held that the "mandates of Rule 803.1 are satisfied." *Commonwealth v. Stays*, 70 A.3d 1256, 1262 (Pa.Super. 2013). In *Stays*, an eyewitness who saw a shooting gave a transcribed statement to police identifying Stays as the shooter. *Id.* at 1260. The eyewitness also circled Stays on a photo array, which he signed and dated. *Id.* However, when called at the preliminary hearing, the eyewitness stated that "he had not seen anybody at the time of the shooting, and that he did not sign the photo array[.]" *Id.* (quotation omitted). Despite being present at the preliminary hearing, Stays and his counsel "declined to ask any questions on cross-examination." *Id.*

We concluded that the prior inconsistent statements made to police were admissible at the preliminary hearing and later as substantive evidence at trial[5]:

---

[5] Between the preliminary hearing and the trial, the witness was murdered. *Id.* At trial, the Commonwealth sought to introduce the witness's preliminary hearing testimony under Pennsylvania Rule of Evidence 804(b) and Stays objected that the witness's prior inconsistent statements – the transcribed statement and the photo array – introduced at the preliminary hearing were inadmissible pursuant to Rule 803.1. *Id.* at 1261.

In this instance, [the eyewitness] declined to identify Stays at the preliminary hearing despite his earlier identification of the same man in the photo array, and disavowed the statement he had given earlier. N.T., Preliminary Hearing, 9/23/08, at 5–7, 11–18. He conceded only that his signature appeared on the last page of the statement, while offering contradictory answers concerning the appearance of his initials on the remaining pages. *Id.* at 10–11. He denied having signed the photo array. *Id.* at 12.

Under those circumstances, Rule 803.1 rendered the signed photo array and [the witness's] written statement fully admissible at the preliminary hearing, so long as the witness had been available for cross-examination. *See* Pa.R.E. Rule 803.1(1). Significantly, it is not imperative that the defendant actually cross-examine the witness; if the defendant had an adequate opportunity to do so with full knowledge of the inconsistent statement, the mandate of Rule 803.1 is satisfied. *Cf. Commonwealth v. Bazemore*, 531 Pa. 582, 614 A.2d 684, 686 (1992) (recognizing the admissibility at trial of prior inconsistent preliminary hearing testimony on the proviso that the defendant must have knowledge of the existence of the inconsistency and an opportunity to cross-examine the witness about it). As the trial court recognized, [the defendant] was offered the opportunity at the preliminary hearing to cross-examine [the witness] about the original statement and the photo array identification, as well as [the witness's] attempted recantation. N.T., Preliminary Hearing, 9/23/08, at 15. At the very least, we would expect Stays to have explored the witness'[s] motive for distancing himself from his earlier statements if only to dispel the inference of Stays' guilt should [the witness's] recantations be attributed to fear of retribution. Nevertheless, Stays declined to conduct any cross-examination at all. *Id.* Consequently, [the witness's] preliminary hearing testimony rendered both his identification of Stays on the photo array and his signed statement to the Philadelphia Police admissible at the preliminary hearing as prior inconsistent statements. *See id.*

*Id.* at 1262.

Here, although the circumstances are slightly different, the rationale of

***Stays*** applies. At the preliminary hearing, the victim testified that Perez-

Toledo had abused her. At trial, however, the victim recanted her

testimony, stating that she did not remember speaking to others about the

alleged abuse and claiming that Perez-Toledo was innocent, which ended in

the following exchange:

> [COMMONWEALTH]: And you don't remember talking to Dr. Lawrence and telling him and explaining to him that [Perez-Toledo] inserted his penis into your vaginal area?
>
> [VICTIM]: I never said that.
>
> [COMMONWEALTH]: Or into your mouth?
>
> [VICTIM]: I never said that.
>
> [COMMONWEALTH]: Do you remember testifying at the preliminary hearing in April of 2011?
>
> [VICTIM]: Yes.
>
> [COMMONWEALTH]: Do you remember saying when you testified that these things happened?
>
> [VICTIM]: No.
>
> [COMMONWEALTH]: If I showed you a copy of your testimony, would that refresh your memory?
>
> [VICTIM]: I don't need to see anything.
>
> [COMMONWEALTH]: Would it refresh your memory if you saw it?
>
> [VICTIM]: No. I don't want to see it.
>
> [COMMONWEALTH]: Why don't you want to see it?
>
> [VICTIM]: Because all of that is a lie.
>
> [COMMONWEALTH]: But do you remember testifying at the preliminary hearing?

[VICTIM]: No.

N.T., 10/17/12, at 46-47. After the Commonwealth finished its examination, Perez-Toledo's counsel declined to cross-examine the witness regarding her prior inconsistent statements at the preliminary hearing or her recantation at trial. Thus, Perez-Toledo had an opportunity to cross-examine the victim on her prior inconsistent statements, rendering the statements admissible as substantive evidence pursuant to Rule 803.1(1).[6] Because the underlying claim lacks arguable merit, we conclude that counsel was not ineffective for failing to object to the introduction of the preliminary hearing testimony. *See Koehler*, 36 A.3d at 140.

## IV.   Failure to Plead Prejudice

Finally, Perez-Toledo argues that the PCRA court erred when it found that Perez-Toledo did "not plead in any fashion, much less prove, that but for trial counsel's actions the outcome of this matter would have been different." Perez-Toledo's Br. at 20 (quoting 1925(a) Op. at 9). According

---

[6] Perez-Toledo asserts that the victim was not available for purposes of Rule 803.1, citing *In re N.C.*, 74 A.3d 271 (Pa.Super. 2013). *N.C.*, however, is readily distinguishable. In *N.C.*, the four-year-old victim was called at trial, but would not provide testimony about the incident. *Id.* at 275. Rather, the victim only gave non-verbal and "infrequent verbal responses," eventually becoming "nonresponsive [and] curling up into a fetal position." *Id.* at 276. Because the victim "refused to testify about the incident on direct examination and eventually was unable to provide any response to prosecutor's questions," we determined that the victim was unavailable for cross-examination. *Id.* at 276, 278. Here, in contrast, the victim testified at trial, though not favorably to the Commonwealth. The victim was clearly available for cross-examination and the rationale of *N.C.* does not apply.

to Perez-Toledo, he properly pled the prejudice prong because he pled in each claim that had trial counsel performed effectively, the outcome of the trial would have been different. Perez-Toledo accuses the PCRA court of not "carefully read[ing]" his PCRA petition, and asserts that because the PCRA court is "patently incorrect," he is entitled to relief. *Id.* at 20-21.

We conclude that this argument is meritless. Even if the PCRA court erred by concluding that Perez-Toledo failed to properly plead prejudice, Perez-Toledo's failure to prove the other prongs defeats his claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017