J-A28028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NORMA RHEE AND HOON RHEE, H/W | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM BRUGMAN AND 754 DARIEN | : | |
| STREET, LLC, 754 DARIEN STREET, | : | |
| LLC | : | No. 1303 EDA 2022 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVOLVE BUILD, INC. AND PEDRO | : | |
| PALMER CONSTRUCTION, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: 754 DARIEN STREET, | : | |
| LLC | : | |

Appeal from the Order Entered April 22, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210600757

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED MAY 17, 2023**

754 Darien Street, LLC ("Darien"), appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying its motion to compel arbitration. Upon careful review, we affirm.

This case stems from a contract entered into on May 27, 2019 ("Agreement") between Darien, a real estate holding limited liability company, and appellee/contractor, Evolve Build, LLC ("Evolve") with respect to the construction of a single-family home at 754 South Darien Street, Philadelphia.

After disputes arose between the parties,[1] Darien issued a 14-day notice of default pursuant to section 13 of the Agreement.[2] On January 1, 2020, Darien terminated the Agreement. Thereafter, on June 19, 2020, Evolve filed a mechanic's lien claim in the Philadelphia Court of Common Pleas, claiming an amount due from Darien of $72,129.20.

---

[1] Darien contends that Evolve breached the Agreement by, *inter alia*: (1) failing to provide proper documentation in support of its requests for payment by Darien; (2) not constructing the project to specifications or in a workmanlike manner; (3) failing to pay for work and materials; (4) failing to provide Darien with a budget; and (5) causing Darien to incur added repair expenses. **See** Brief of Appellant, at 9-11. Evolve asserts that Darien was "habitually tardy in satisfying [Evolve's] payment applications as they came due," as a result of which, Evolve threatened to suspend work until Darien became current in its obligations, as provided under the Agreement. Brief of Appellee, at 2.

[2] Section 13 of the Agreement provides, in relevant part:

> If the Contractor defaults or persistently fails or neglects to carry out the Work in accordance with the Construction Documents or fails to perform any provision of the Contract, after fourteen (14) calendar days written notice from Owners specifying the defaults, the Owners may make good such deficiencies and may deduct the actual cost of construction and materials only from the payment then or thereafter due the Contractor, or at [its] option, may terminate the Contract and take possession of the site and of all materials thereon, and may finish the work by whatever commercially reasonable methods, and if the unpaid balance of the Contract Price exceeds the direct cost of construction and materials only for finishing the Work, such excess shall be paid to the Contractor, but if such direct cost of construction and materials exceeds such unpaid balance, the Contractor shall pay the difference to the Owners. Owners' remedy under this Article is exclusive for any failure to perform by Contractor.

Agreement, 5/27/19, at § 13.

On September 20, 2021, Norma and Hoon Rhee ("Rhees"), owners of 752 South Darien Street, filed a second amended complaint bringing various claims against Darien and Adam Brugman stemming from Darien's development of 754 South Darien Street, which is adjacent to the Rhees' property. The Rhees alleged that their property had sustained damages—including cracking, holes, water infiltration, and mold—as a result of the work being performed on the neighboring property.

On August 31, 2021, Darien filed a joinder complaint, seeking to add Evolve and Pedro Palmer Construction, Inc. as third-party defendants. Evolve filed preliminary objections, arguing, *inter alia*, that the case must be transferred to arbitration pursuant to the Agreement. Darien did not respond to Evolve's preliminary objections, but rather, filed an amended joinder complaint on November 8, 2021, to which Evolve also preliminarily objected on the basis of the arbitration clause. On December 20, 2021, Darien filed a second amended joinder complaint. Evolve again filed preliminary objections raising, *inter alia*, the arbitration clause. On February 3, 2022, Darien filed a response to Evolve's preliminary objections. On February 17, 2022, the trial court entered an order sustaining Evolve's preliminary objections to the second amended joinder complaint and dismissing that complaint, with prejudice, as to Evolve.[3]

---

[3] The trial court's order did not set forth the rationale for its decision and, because the order was not a final, appealable order, did not file a Pa.R.A.P. 1925(a) opinion.

- 3 -

On March 4, 2022, Darien filed a petition seeking to compel Evolve to submit to arbitration pursuant to the Agreement. Evolve filed a response on March 24, 2022, in which it asserted that: (1) Darien had waived its arbitration claims and (2) Darien's claims are precluded by the doctrine of *res judicata*. On April 21, 2022, the trial court dismissed the petition, but did not specify the grounds on which it denied relief. Darien filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Darien raises the following claims for our review:

> 1. Did the court err by denying [Darien's] petition to compel arbitration where 42 Pa.C.S.[A.] § 7304(a) requires the court to order the parties to proceed with arbitration where, as here, a valid agreement to arbitrate has been shown and the party opposing the petition has refused to arbitrate?
>
> 2. Did the court err in concluding that there was not a valid agreement to arbitrate [] between the parties?
>
> 3. Did the court err when it failed to determine that Evolve [] refused to arbitrate the matter where, *inter alia*, Evolve specifically raised the issue as to the validity of a binding arbitration agreement that required the court to refer the matter to arbitration in its preliminary objections to [] Darien's joinder complaint?
>
> 4. Did the court err in concluding that [] Darien did not have a valid claim against Evolve that could be subjected to arbitration?
>
> 5. Did the court err in concluding that the dispute between [] Darien and Evolve was not within the scope of the arbitration agreement?
>
> 6. Did the court err in concluding that [] Darien did not make or waived any counter-argument to appellee's claim of untimeliness when [] Darien raised the issue—that procedural questions such as the propriety or timeliness of invocation of the arbitration

provision must be resolved by the arbitrators—in its petition to compel arbitration at [¶] 22?

7. Did the court err where it made a determination on the merits that [] Darien's claim against Evolve arose in January 2020, and that [] Darien waived its right to enforce the arbitration agreement where [] Darien's claim against Evolve cannot arise until the measure of damages for the claimed breach is known to [] Darien under the terms of Section 13 (pp. 11-12) of the Construction Agreement between the parties.

Brief of Appellant, at 5-6 (unnecessary capitalization omitted).

Prior to addressing the claims Darien raises on appeal, we must first determine whether it has preserved for appellate purposes the sole issue relevant to the trial court's ruling—waiver of arbitration. In its brief, Evolve asserts that "Darien failed to address the issue of waiver of the arbitration provision of the [Agreement] in its [Rule] 1925(b) [s]tatement," and, accordingly, "any and all arguments relative to [Darien's] waiver of the arbitration provisions . . . are waived." Brief of Appellee, at 10. Evolve argues that "Darien was specifically on notice of the issue of waiver upon which the [t]rial [c]ourt's ultimate order issued," as Evolve "explicitly argued below that the issue of waiver prevented the enforcement of the arbitration clause[.]" *Id.* at 9, 10.

In response, Darien argues that it "complied with the appellate rules of procedure when it identified the errors complained of on appeal due to the vagueness of the [o]rder, and did not waive any argument[.]" Reply Brief of Appellant, at 4. Darien asserts that, in its Rule 1925(b) statement, it "identifie[d] the issues for appeal in general terms since it [could not] readily discern from the [o]rder the basis for the [c]ourt's decision." *Id.* at 3.

- 5 -

Following the trial court's issuance of its Rule 1925(a) opinion, in which it explained the reasoning behind its decision, Darien filed a motion to amend its Rule 1925(b) statement "in an abundance of caution[,] as . . . it believed the specific waiver issue was already subsumed by Issues Nos. 1, 2, and 4 in its initial [Rule 1925(b) statement]." *Id.* at 4. However, the trial court did not rule on the motion[4] until after Darien submitted its opening brief in this Court.

Pennsylvania Rule of Appellate Procedure 1925(b)(4)(vii) provides that issues not included in an appellant's Rule 1925(b) statement are waived on appeal. "Each error identified in the [s]tatement will be deemed to include every subsidiary issue that was raised in the trial court[.]" Pa.R.A.P. 1925(b)(4)(v). Here, we disagree with Darien that it preserved the waiver issue in its Rule 1925(b) statement because the issue was subsumed by issues 1, 2, and 4 raised therein. Those claims are as follows:

> 1. [Darien] respectfully submits that the trial court erred as a matter of law and/or abused its discretion by denying [Darien's] petition to compel arbitration where 42 Pa.C.S.[A.] § 7304(a) requires the court to order the parties to proceed to arbitration where, as here, a valid agreement to arbitrate has been shown and the party opposing the petition has refused to arbitrate. *See Ross Dev. Co. v. Advanced Bldg. Dev., Inc.*, 803 A.2d 194, 196 (Pa. Super. 2002); *Midomo Co. v. Presyterian Hous. Dev. Co.*, 739 A.2d 180 (Pa. Super. 1999).

---

[4] By order dated August 1, 2022, the trial court denied Darien's motion to supplement its Rule 1925(b) statement.

- 6 -

2. The court erred as a matter of law or abused its discretion to the extent that the court failed to determine that a valid agreement to arbitrate existed between the parties.

. . .

4. The court erred as a matter of law or abused its discretion to the extent that the court determined that [Darien] did not have a valid claim against Evolve that could be subjected to arbitration. *See Midomo*[, *supra*].

Rule 1925(b) Statement, 6/1/22, at ¶¶ 1, 2, 4 (unnecessary capitalization omitted).

The above claims, which Darien contends "subsume" the issue of waiver, all relate to the validity of the arbitration agreement or whether Darien's claims fell within its scope. We fail to discern how the issue of waiver is reasonably suggested by any of the above claims.

However, our analysis does not end here. In this case, the trial court's order denying Darien's petition to compel arbitration did not specify the reasons for the denial.

If the reasons for the court's order do not appear in the record, it may be impossible for the appellant to be sufficiently specific in formulating questions on appeal. As our Supreme Court has held,

unless one knows the basis for a court's order, there is no way to specifically challenge its rationale. . . .

When one seeking to appeal has no basis in the record to discern the basis for the order being challenged, [Rule] 1925(b) must not be employed as a trap to defeat appellate review, requiring specifically stated challenges to the resolution of issues before there has been any revelation as to how the issues have been resolved.

*Ryan v. Johnson*, [] 564 A.2d 1237, 1239 ([Pa.] 1989).

> When the reasons for a trial court's ruling are vague or not discernable from the record, then an appellant may be forced to file a vague Rule 1925(b) statement, and it would be unjust to consider such filing a violation of the Rule. **Commonwealth v. Zheng**, 908 A.2d 285, 288 (Pa. Super. 2006). "Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling." **Id.** Therefore, under these limited circumstances where the appellant is unable to ascertain the trial court's rationale for the ruling under appeal, it is not appropriate to find waiver or to dismiss the appeal based on a vague Rule 1925(b) statement. **Accord Commonwealth v. Poncala**, 915 A.2d 97, 100 (Pa. Super. 2006).

**Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 804 (Pa. Super. 2007).

Here, Evolve's brief in opposition to Darien's petition to compel arbitration raised two primary arguments: (1) that the trial court's February 17, 2022 order dismissing Darien's second amended joinder complaint as to Evolve was *res judicata* as to Darien's claims against Evolve; and (2) by allowing the trial court to rule on Evolve's preliminary objections rather than submitting to arbitration, Darien waived its right to enforce the arbitration clause. **See** Evolve's Memorandum of Law in Opposition to Darien's Petition to Compel Arbitration, 1/14/22. Thus, Darien was on notice that the issue of waiver was one of only two arguments raised in opposition to its petition, and a likely rationale for the court's ruling.[5]

---

[5] We note that, despite overlooking the issue of waiver, Darien did include in its Rule 1925(b) statement a claim relating to *res judicata*. **See** Rule 1925(b) Statement, 6/1/22, at ¶ 7 ("The [c]ourt erred as a matter of law or abused its discretion to the extent that [it] found that the [c]ourt's order dismissing with prejudice [Darien's] joinder complaint . . . is *res judicata* of its claim against Evolve.").

- 8 -

Notwithstanding the foregoing, we decline to find Darien's argument waived. The primary purpose behind Rule 1925(b) is to "aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." *Commonwealth v. Parrish*, 224 A.3d 682, 693 (Pa. 2020). "[T]he rule fulfills an important policy consideration by providing to disputing parties, as well as to the public at large, the legal basis for a judicial decision." *Commonwealth v. DeJesus*, 868 A.2d 379, 382 (Pa. 2005).

Here, the trial court authored a thorough Rule 1925(a) opinion explaining the rationale for its decision. The court was in no way impeded in the preparation of its opinion by Darien's failure to raise the issue of waiver in its Rule 1925(b) statement. Moreover, in its Rule 1925(b) statement, Darien stated that it "identifies the issues for appeal in general terms since it cannot readily discern from the [o]rder the basis of the [c]ourt's decision." Rule 1925(b) Statement, 6/1/22, at 1 n.2. "[I]f the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver." *Fulano v. Fanjul Corp.*, 236 A.3d 1, 10 (Pa. Super. 2020), quoting Pa.R.A.P. 1925(b)(4)(vi). In addition, once the trial court issued it opinion setting forth the reasons for its dismissal of the petition to compel, Darien promptly sought leave to supplement its Rule 1925(b) statement to include the issue of waiver. *See* Motion to File Supplemental Concise Statement, 6/24/22 (arguing good cause existed

because court issued opinion clarifying reasons for denial of petition to compel after time within which Darien was required to file Rule 1925(b) statement). The court did not rule on that motion—which it ultimately denied—until after Darien's opening brief was filed. Accordingly, because we cannot expect appellants to infer the reasons for a trial court's rulings from a record that is devoid of any explanation of those rulings, and because Darien made reasonable efforts to preserve the issue for appellate review by promptly seeking leave to amend, we decline to hold that Darien has waived the issue of waiver for failure to include it in its Rule 1925(b) statement. Nonetheless, Darien is entitled to no relief.

As an appellate court, our standard of review of an order deciding a petition to compel[6] "is limited to determining whether the trial court's findings are supported by substantial evidence and whether it abused its discretion[.]" ***Del Ciotto v. Pennsylvania Hosp. of the Univ. of Penn Health Sys.***, 177 A.3d 335, 348 (Pa. Super. 2017).

Generally, in reviewing a petition to compel arbitration, "judicial inquiry is limited to determining (1) whether a valid agreement to arbitrate exists between the parties and, if so, (2) whether the dispute involved is within the

---

[6] "An appeal may be taken from . . . [a] court order denying an application to compel arbitration made under section 7304 (relating to proceedings to compel or stay arbitration).")  42 Pa.C.S.A. § 7320(a)(1). **See also** Pa.R.A.P. 311(a)() ("An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from . . . [a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties.").

scope of the arbitration provision." ***Midomo Co., Inc. v. Presbyterian Hous. Dev. Co.***, 739 A.2d 180, 186 (Pa. Super. 1999).

> [N]ot all questions are to be resolved by the trial court. In a proceeding to stay or to compel arbitration, the question of whether the parties agreed to arbitrate, commonly referred to as "substantive arbitrability," is generally one for the courts and not for the arbitrators. ***AT & T Technologies, Inc. v. Communications Workers of Am.***, 475 U.S. 643, 649[] (1986). On the other hand, resolution of procedural questions, including whether the invocation of arbitration was proper or timely is left to the arbitrator. ***Mack Mfg. Corp. v. International Union, United Auto., Aircraft and Agric. Implement Workers Local 677***, [] 81 A.2d 562 ([Pa.] 1951). Such questions may be referred to as "procedural arbitrability."

***Ross Dev. Co. v. Advanced Bldg. Dev., Inc.***, 803 A.2d 194, 196 (Pa. Super. 2002).

> However,

> the right to enforce an arbitration clause can be waived. A waiver of the right to proceed to arbitration may be expressly stated, or it may be inferred from a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary. Waiver "should not be lightly inferred[,] and unless one's conduct has gained him an undue advantage or resulted in prejudice to another he should not be held to have relinquished the right."

***Goral v. Fox Ridge, Inc.***, 683 A.2d 931, 933 (Pa. Super. 1996). "A party's acceptance of the regular channels of the judicial process can demonstrate its waiver of arbitration." ***GE Lancaster Investments, LLC v. Am. Exp. Tax & Bus. Servs., Inc.***, 920 A.2d 850, 853–54 (Pa. Super. 2007), citing ***Smay v. E.R. Stuebner, Inc.***, 864 A.2d 1266, 1278 (Pa. Super. 2004) (stating acceptance of judicial process includes party's failure to raise arbitration issue

promptly, party's engagement in discovery, and party waiting until it receives adverse rulings on pretrial motions before raising arbitration).

Here, we conclude that Darien has waived its right to arbitration by acts "so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." *Goral*, 683 A.2d at 933. Rather than immediately filing a petition to compel arbitration when the Rhees initiated their suit, Darien instead availed itself of the judicial process by filing a joinder complaint against Evolve. When Evolve filed preliminary objections asserting the existence of the arbitration clause, Darien did not submit to arbitration, as it was contractually obliged to do. Rather, Darien doubled down on the judicial process, filing an amended joinder complaint.[7] When Evolve preliminarily objected on the basis of the arbitration clause for a second time, Darien again amended its joinder complaint rather than agreeing to arbitrate. Once again, Evolve preliminarily objected and, this time, Darien filed a response to Evolve's objections. Only after the trial court dismissed its claims against Evolve with prejudice did Darien reverse course and file a petition seeking to compel arbitration. At any point after Evolve raised the issue of arbitration, Darien could have desisted in its efforts to

---

[7] Notably, in its brief, Darien concedes that, after Evolve filed preliminary objections to its first joinder complaint, "the [trial c]ourt's analysis should have ended" and "the case should have been transferred to arbitration by [o]rder." Reply Brief of Appellant, at 6. Nevertheless, rather than simply agreeing to arbitration, Darien continued to avail itself of the judicial process, filing two subsequent amended joinder complaints and responding to Evolve's third set of preliminary objections.

pursue a judicial remedy and agreed to arbitrate. Instead, it forced Evolve to expend resources repeatedly objecting to its joinder complaints. Having been put out of court with respect to its claims against Evolve, Darien cannot now seek redress under the Agreement it repeatedly repudiated by virtue of its conduct. ***See Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Associates Ltd. P'ship***, 610 A.2d 499, 501 (Pa. Super. 1992) (finding party waived right to arbitrate where conduct, including choosing not to file petition to compel arbitration, not asserting arbitration as affirmative defense, and waiting until it received adverse ruling on pretrial motions before seeking to enforce arbitration clause, indicated waiver).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2023