**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS BAILEY | : | |
| | : | |
| Appellant | : | No. 43 WDA 2025 |

Appeal from the PCRA Order Entered December 11, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006409-1994

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS BAILEY | : | |
| | : | |
| Appellant | : | No. 188 WDA 2025 |

Appeal from the PCRA Order Entered December 11, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008102-1994

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS BAILEY | : | |
| | : | |
| Appellant | : | No. 525 WDA 2025 |

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006409-1994

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

|  |  |  |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| DEMETRIUS BAILEY | : |  |
|  | : |  |
| Appellant | : | No. 1011 WDA 2025 |

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0008102-1994

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:   **FILED: February 3, 2026**

Appellant, Demetrius Bailey, appeals *pro se* from the order dismissing his serial petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. ("PCRA") and from the denial of his motion for a subpoena *duces tecum*. We affirm the denial of PCRA relief on the basis that the petition was facially untimely and Appellant did not demonstrate a statutory exception. We affirm the denial of a subpoena on the ground that we discern no abuse of discretion in the PCRA court's ruling.

In 1994, Appellant shot Michael Sayles in the head after unsuccessfully demanding money from him and then took money from Sayles's pocket as he lay dead or dying. Following a consolidated trial, a jury convicted Bailey of murder in the second degree at docket number 6409-1994, and robbery at docket number 8102-1994. The trial court sentenced Appellant to a mandatory term of life imprisonment. This Court affirmed the judgment of

---

[*] Retired Senior Judge assigned to the Superior Court.

sentence, and on April 23, 1996, our Supreme Court denied allowance of appeal. *See Commonwealth v. Bailey*, 673 A.2d 398 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 675 A.2d 1241 (Pa. 1996). In the twenty-six years following his direct appeal, Appellant filed seven unsuccessful PCRA petitions. *See Commonwealth v. Bailey*, 279 A.3d 1239, 2022 WL 1438752, *1 n.1 (Pa. Super. 2022) (unpublished memorandum) (summarizing Appellant's PCRA history and disposing of his seventh PCRA petition).

Appellant, *pro se*, filed the instant petition, his eighth, on April 19, 2024. The PCRA court appointed counsel to represent Appellant. On July 29, 2024, appointed counsel filed a motion to withdraw and a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). As set forth in the *Finley* letter, counsel concluded that all of Appellant's claims – "arising out of the conduct of the investigation in his case, the lack of a preliminary hearing in his case, the lack of an opportunity for cross-examination of certain witnesses at his trial, the dismissal of a defense witness at his trial, and prosecutorial misconduct in his case" – were "time-barred," and counsel had "discovered no reason why any of [Appellant's] claims are predicated on any fact unavailable prior to" a year before the petition was filed. *Finley* Letter, 7/29/24, 2. PCRA counsel attached to his withdrawal motion a copy of the cover letter sent to Appellant explaining that he was seeking leave to withdraw and informing him that he could proceed *pro se* or

with privately retained counsel. *See* Counsel's Motion to Withdraw, 7/29/24, Exhibit B.

On September 27, 2024, the PCRA court issued notice of its intention to dismiss the petition, "because it is untimely and none of the claims raised therein satisfy the statutory exceptions to the jurisdictional time bar under [42 Pa.C.S. § 9543(b)(i)-(iii)]." *See* PCRA Court's Notice of Intent to Dismiss, 9/27/24, 1; *see also* Pa.R.Crim.P. 907. On November 6, 2024, it dismissed the petition without a hearing. *See* PCRA Court Order, 11/6/24, ¶ 4. The PCRA court included an explanation of its reasons for dismissing the petition:

1) As set forth in this court's proposed dismissal order, issued on September 27, 2024, this court carefully reviewed counsel's No-merit Letter and [Appellant's] *pro se* motion. The court concluded that the instant serial PCRA petition – [Appellant's] eighth [] – is untimely and did not fall under any of the jurisdictional time-bar exceptions. …

3) For the reasons set forth in its proposed dismissal order, the court is satisfied from its review that there are no genuine issues concerning any material fact[] that [Appellant] is not entitled to post-conviction collateral relief, and that no purpose would be served by any further proceedings. Pa.R.Crim.P. 907(1).

PCRA Court Order, 11/6/24, ¶¶ 1, 3.

Subsequently, the PCRA court discovered, when service of the order was returned to the court, that Appellant did not receive the November 6th order dismissing the petition. *See* PCRA Court Order, 12/11/24. The court therefore issued a new order dismissing the petition, effective December 11, 2024. *See id.*

Appellant, *pro se*, filed a timely notice of appeal on January 10, 2025. **See** Notice of Appeal, 1/10/25 (mailed from prison on 1/6/25). The PCRA court and Appellant complied with Rule of Appellate Procedure 1925(b). **See** Pa.R.A.P. 1925(b). Appellant raised six separately enumerated claims in his Rule 1925(b) statement. **See** Appellant's Rule 1925(b) Statement, 3/31/25.

Subsequently, Appellant filed a motion to correct the record to include his motion for a subpoena to the Allegheny County District Attorney's Office for files, witness statements, and transcripts connected with his criminal case, which this Court granted; we also directed the PCRA court to enter a ruling on the motion. **See** PCRA Court Order, 4/11/25. Over the intervening months, Appellant repetitively filed notices of appeals, listing the same trial docket numbers. These filings created multiple appeals from a single PCRA court order dismissing his eighth petition and the related order denying his motion for subpoena. **See** Superior Court Docket; Superior Court Order, 10/9/25 (denying request to file new appeal); Superior Court Order, 1/30/25 (ordering amendment of notices of appeal in accordance with **Commonwealth v. Young**, 280 A.3d 1049, 1057 (Pa. Super. 2022)). On February 25, 2025, this Court *sua sponte* consolidated the multiple appeals for decision. **See** Superior Court Order, 2/25/25.

Appellant raises seven separately enumerated questions for review in his brief, which we reorder for the sake of clarity and summarize as follows:

> 1. Was Appellant entitled to a preliminary hearing according to the Rules of Criminal Procedure, and did the prosecutor violate

Appellant's due process rights by relying on hearsay evidence at the preliminary hearing?

2. Was Appellant entitled to exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1962), as interpreted in *Glossip v. Oklahoma*, 604 U.S. 226 (2025)?

3. Was Appellant entitled to suppression of evidence under the Fourth Amendment because of the lack of an arrest warrant, false statements in the affidavit of probable cause, "judicial/prosecutorial misconduct based on perjury by police officers," and violation of Appellant's right to cross-examine a confidential informant?

4. Was Appellant entitled to a new trial when the trial court violated his due process rights by dismissing a defense witness at trial?

5. Was Appellant entitled to review of an after-discovered evidence claim under the newly-discovered fact exception to the PCRA time bar, where this Court had erroneously denied review in the appeal of the denial of the seventh PCRA petition?

6. Was PCRA counsel ineffective "for filing a fraudulent no-merit letter?

7. Did the PCRA court err in denying Appellant's subpoena?

*See* Appellant's Brief, 4 (unpaginated).

As with all appeals stemming from the denial of PCRA relief, our standard of review is limited to "whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.*

Prior to reviewing any of Appellant's substantive claims for relief, however, we must consider the timeliness of Appellant's petition because "if a PCRA petition is untimely, a trial court has no jurisdiction to entertain the

petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless a statutory exception applies. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, the Supreme Court of the United States, and or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3).

This Court has consistently determined that Appellant's judgment of sentence became final on July 22, 1996, ninety days after the Pennsylvania Supreme Court declined to grant his petition for allowance of appeal, and Appellant did not petition the United States Supreme Court for a writ of certiorari. ***See Bailey***, 2022 WL 1438752, *2; ***Commonwealth v. Bailey***, 1484 WDA 2005, slip decision, 4 (Pa. Super., filed June 7, 2007) (unpublished memorandum decision in appeal from denial of second PCRA petition). As such, the filing of his eighth PCRA petition on April 19, 2024, was facially untimely. Appellant, therefore, was required to plead and prove the applicability of one of three statutory exceptions, ***see*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii), and that the petition was filed "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

We emphasize that the three statutory exceptions are claim specific. Accordingly, even if a petitioner were to have proved a time bar "exception with respect to one claim [it would not] endow[] the PCRA court with all-

- 7 -

encompassing jurisdiction to entertain different issues raised in the petition — it merely grants the court jurisdiction over those claims that actually fall within the exception." ***Commonwealth v. Taylor***, 283 A.3d 178, 191 (Pa. 2022).

In his *pro se* petition, Appellant asserted a statutory exception for each of the four claims raised. Each of these assertions fail outright. For reference we set out the three exceptions to the PCRA time bar:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b).

For his first claim, Appellant invoked in his petition the exception for governmental interference because the District Attorney's Office prevented his preliminary hearing from being held in order to hold a coroner's inquest in violation of statutes and due process, as guaranteed by the United States Constitution. ***See*** Appellant's PCRA Petition, 4/16/24, 2 (unpaginated); *see*

*also* Appellant's Brief, 1 (paginated). To satisfy the requirements of this exception, Appellant had to plead and prove that his "failure to raise the claim previously" was caused by "government officials" interfering with the presentation of the claim in violation of the law. *See Commonwealth v. Towles*, 300 A.3d 400, 415 (Pa. 2023). As the alleged continuance occurred pre-trial and not in secret, Appellant would have inherently been aware of the Commonwealth's scheduling of a coroner's inquest in time to raise any error in his direct appeal. Thus, the exception was untimely raised as it was not asserted within a year of "when it could have been presented." 42 Pa.C.S. § 9545(b)(2). Moreover, Appellant has not explained how that alleged pre-trial continuance prevented him from raising the claim in the 30-year interim. *See Commonwealth v. Smith*, 194 A.3d 126, 133 (Pa. Super. 2018) ("Appellant is not entitled to an indefinite period to raise" a claim under the government interference exception to the time bar). He had to "plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006). Appellant's rote invocation of the governmental interference exception did not satisfy the requirements of the statutory exception to the jurisdictional bar.

In his second (reordered) claim, Appellant argues that the Allegheny County District Attorney's Office "committed [f]raud for its failure to disclose *Brady* materials … when it knowing[ly] use[d] false testimony of its two key

witnesses." Appellant's Brief, 6 (paginated). More specifically, he contends that: (1) a witness identified as "Brooks" was on probation when he was at the scene of the murder, "drinking and doing drugs," but was not charged with a violation of his probation and denied at trial that there was a deal with respect to that violation; and (2) a witness identified as "Ashley" also denied having a deal with respect to pending "criminal child charges against her that [were] dropped for her testimony." *Id.*, 6-7. Appellant asserts that both witnesses had non-prosecution agreements with prosecutors contrary to their trial testimony. *See* Appellant's Brief, 7 (paginated). He also contends that prosecutors "failed to disclose this exculpatory information before trial" in violation of *Brady* and failed to correct the false testimony in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). He argues that this Court should remand with directions to the PCRA court to evaluate the claim under *Glossip*. Appellant's Brief, 7-8 (paginated)

Appellant did not raise this particular claim in his *pro se* PCRA petition or in response to the PCRA court's Rule 907 notice. "Failure to raise an issue before the PCRA court results in waiver." *Commonwealth v. Paddy*, 15 A.3d 431, 446 (Pa. 2011). For this reason alone, Appellant is not entitled to review of his *Brady* claim.[1]

_____

[1] We note the following with respect to Appellant's present assertion of a *Brady* claim. He raised a similar *Brady* claim in 2008, *see* Appellant's Petition for Writ of Habeas Corpus, 7/8/08, 1-2 (included in the certified record on appeal), and an identical one in his seventh PCRA petition, *see* Supplemental
*(Footnote Continued Next Page)*

In his third (reordered) claim, Appellant invoked the exception for governmental interference to permit review of a mixed Fourth Amendment suppression, due process, and Confrontation Clause claim. *See* Appellant's PCRA Petition, 4/16/24, 7 (unpaginated); Appellant's Brief, 9 (paginated). He argued that police officers, prosecutors, and the trial court "interfered with the Affidavit of Probable Cause when it allowed an unknown confidential informant witness to lie to the truthfulness of the facts" in the affidavit supporting a

_____

Motion for PCRA Relief, 4/23/21. In reviewing the claim in Appellant's seventh PCRA petition, we ruled that Appellant "failed to set forth any indication as to when and how he discovered the **Brady** material that the Commonwealth allegedly withheld from him, nor any reasonable explanation as to why he could not have previously discovered an alleged **Brady** violation through the exercise of due diligence." **Bailey**, 2022 WL 1438752, *4. The only addition to Appellant's present **Brady** claim, here, is an inadequate assertion that it also meets the newly-discovered fact exception. **See** Appellant's Brief, 7-8. Appellant failed to explain in his brief when he discovered the alleged **Brady** material or new fact, which is fatal to establishing either exception. To establish a newly-discovered fact warranting review of his **Brady** claim, Appellant had to plead and prove both that the fact was not previously known and that it could not have been ascertained through due diligence. **Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007). There also is a due diligence requirement with respect to the governmental interference. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (imposing due diligence requirement as to "governmental interference" and "newly discovered facts" exceptions in context of asserted *Brady* violation). **See also** 42 Pa.C.S. § 9545(b)(2) (requiring that an exception to the time bar be raised within a year "of the date the claim could have been presented"); **Towles**, 300 A.3d at 413 n.14, 417 n.18 (existing precedent from the Pennsylvania Supreme Court requires due diligence for the governmental interference exception).

probable cause determination.[2] As with his first claim, Appellant did not explain how that alleged interference prevented him from raising the claim in the 30-year interim. *See Hawkins*, 953 A.2d 1253 (petitioner must "plead and prove that the failure to previously raise these claims was the result of interference by government officials"). Moreover, Appellant raised a very similar substantive claim alleging falsifications in the affidavit of probable cause, within an allegation of trial counsel's ineffectiveness for not seeking suppression, in his second PCRA petition filed in 2003. *See* Appellant's PCRA Petition, 8/5/03, Attachment, 8-9.[3] In other words, Appellant could have raised this substantive claim any time in the past 21 years. *See* 42 Pa.C.S. § 9545(b)(2) (requiring that an exception to the time bar be raised within a year "of the date the claim could have been presented"). Therefore, Appellant did not demonstrate that the governmental interference exception applied to render this claim reviewable.

In his fourth (reordered) claim, Appellant invoked the governmental interference exception to permit review of his claim that "the trial judge interfered when he violated" statutes and constitutional due process by "dismissing a material defense witness Albert Ritter who appeared at [Appellant's] trial to testify on his behalf to establish his alibi defense."

_____

[2] Appellant refers to both a warrant to search and a warrant to arrest without clarity. *See* Appellant's PCRA Petition, 4/16/24, 8 & 11 (unpaginated); Appellant's Brief, 9 (paginated).

[3] Appellant's second PCRA petition is in the certified record on appeal.

Appellant's PCRA Petition, 4/16/24, 14 (unpaginated); Appellant's Brief, 16 (paginated). As with his first and third claims, Appellant did not explain how the alleged interference by the trial court during trial prevented him from raising the claim in the 30-year interim. **See Hawkins**, 953 A.2d at 1253 (petitioner must "plead and prove that the failure to previously raise these claims was the result of interference by government officials"). As such, he failed to demonstrate an applicable exception to the PCRA's time bar.

In his fifth (reordered) claim, Appellant invoked the newly-discovered fact exception to permit review of his claim that, in the appeal of his seventh PCRA petition we "erred when" we stated he did not "present" the affidavit of Lamont Underwood in his seventh petition as after-discovered evidence.[4] **See** Appellant's PCRA Petition, 4/16/24, 12 (unpaginated) & Exhibit C; Appellant's Brief, 14 (paginated). Appellant asserted that he did not receive the Underwood affidavit until after he had filed his seventh petition, and so filed

_____

[4] We note that Lamont Underwood provided an affidavit to Appellant in 2005, which contained the same information: he saw Appellant drinking beer with the victim and then go to his mother's apartment, where Underwood later saw Appellant asleep on the couch shortly before hearing a gunshot. **See** Appellant's Petition for Writ of Habeas Corpus, 7/8/08, Attachment F. The 2005 affidavit was signed in the name of Lamont Underwood, but the day and month of the signature were left blank, other than the year 2005. Unless there was more than one Lamont Underwood who was at both the scene of the murder and in Appellant's mother's home the same morning, Appellant's present claim is based on a repeat submission of an affidavit previously submitted to the Court of Common Pleas in 2008. Thus, it is not a new affidavit, new fact or a new source.

- 13 -

the affidavit as soon as he could, while his seventh petition was pending, and thereby satisfied the newly-discovered fact exception.[5] *Id.*

To establish a newly-discovered fact warranting review of his after-discovered evidence claim based on the 2021 Underwood affidavit, Appellant had to plead and prove both that the fact was not previously known and that it could not have been ascertained through due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). He also had to plead and prove that he raised the claim "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In the appeal of the denial of Appellant's seventh PCRA petition, this Court ruled that the claim raised in that appeal was not properly before it because it had not been included in the PCRA petition. *See Bailey*, 2022 WL 1438752, *4, citing Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and may not be raised for the first time on appeal). Our ruling was thus based on waiver. *See Commonwealth. v. Lauro*, 819 A.2d 100, 103 (Pa. Super. 2003) ("issues not raised in a PCRA petition cannot be considered on appeal"). It was neither a ruling on the applicability of the

_____

[5] To the extent that Appellant meant to allege that this Court's 2022 ruling with respect to his after-discovered evidence claim based on the Underwood affidavit was the new fact warranting review, he confused an appellate court ruling for a fact that can be newly-discovered and form the basis of a PCRA claim. *See Commonwealth v. Reid*, 235 A.3d 1124, 1147 (Pa. 2020) ("Simply stated, just as a court's adoption of a winning party's legal argument in a judicial opinion cannot constitute a new fact under Section 9545(b)(1)(ii), [] neither can a court's rejection of a losing party's competing argument be construed as a new fact").

newly-discovered evidence exception or the merits of the attendant after-discovered evidence claim. As such, Appellant was free to file a new petition in which he pled and proved that the newly-discovered fact exception applied to make the after-discovered evidence based on the 2021 Underwood affidavit reviewable.

Nevertheless, Appellant failed to timely file his eighth petition, as it was not "filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The record for Appellant's case was remitted to the Court of Common Pleas on August 1, 2022, after the completion of the appeal from the denial of the seventh petition. *See* Certificate of Remittal/Remand of Record for 842 WDA 2021. Therefore, Appellant had until August 1, 2023, to file a new petition including the Underwood affidavit and a demonstration that the newly-discovered fact exception applied to permit review of an after-discovered evidence claim based on the affidavit. *See* 42 Pa.C.S. § 9545(b)(2). Appellant's eighth petition was filed on April 19, 2024, more than eight months too late for the PCRA court to entertain the claim.[6]

_____

[6] In any event, even if we were to consider Appellant's assertion of the newly-discovered fact exception with respect to the 2021 Underwood affidavit, we would find it meritless as that affidavit presents no new fact. The focus of the newly discovered fact exception is on "newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008) (emphasis omitted). Simply put, the 2021 Underwood affidavit provides no new facts not previously known to Appellant. Indeed, it provides no new facts than that provided in the 2005 Underwood affidavit. In the 2021 affidavit, Underwood states that he was with Appellant "that morning and never seen him pull a
*(Footnote Continued Next Page)*

- 15 -

In his sixth (reordered) claim, Appellant alleges that appointed PCRA counsel provided ineffective assistance by filing a "fraudulent" no-merit letter. Appellant's Brief, 4 (paginated). This allegation is based on Appellant's belief that PCRA counsel could not have reviewed his entire file, including 30 years of documents, in the time allotted and come to the conclusion that the "issues lack merit," and also on PCRA counsel filing the motion to withdraw as counsel "pursuant to *Turner*/*Finley*" rather than the "*Anders*/*Santiago* requirements." [7] *Id.*, 4 (paginated). Appellant's allegation of ineffective assistance against appointed PCRA counsel in the proceedings below had to be raised before the PCRA court in a response to the Rule 907 Notice, but Appellant failed to do so. *Commonwealth v. Ford*, 44 A.3d 1190, 1198 (Pa. Super. 2012) (*en banc*) (finding that, in a *Turner*/*Finley* context, "a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss"), *overruled in part*,

---

gun or shoot the victim as I witness him go to his mother's apartment for the night" and also that there "was a person dressed similar to [Appellant] outside that morning." Appellant's PCRA Petition, 4/16/24, Exhibit C. He stated the same information, with more detail, in the 2005 affidavit. *See* Appellant's Petition for Writ of Habeas Corpus, 7/8/08, Attachment F. In addition, Appellant included in his third PCRA petition an affidavit from Albert Ritter, signed January 8, 1998, that he and Appellant were sleeping in his Appellant's mother's apartment until police officers arrived. *See* Appellant's Petition for Writ of Habeas Corpus, 7/8/2008, Exhibits I. Thus, the 2021 Underwood affidavit provides facts previously known to Appellant since 1998 and 2005, and likely from the same source.

[7] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Santiago*, 978 A.2d 349, (Pa. 2009); *Anders v. California*, 386 U.S. 738 (1967).

*Commonwealth v. Bradley*, 261 A.3d 381, 397 (Pa. 2021) (in an appeal of the denial of a first PCRA petition, a petitioner may raise claims of ineffective assistance of PCRA counsel "at the first opportunity, even if on appeal"). The ruling in *Bradley*, however, does not apply to Appellant's appeal from the denial of his serial PCRA petition. *See Commonwealth v. Pridgen*, 305 A.3d 97, 102-103 (Pa. Super. 2023).

Even if we were to assume that Appellant had timely raised his present appellate claim that PCRA counsel below was ineffective, we would find it meritless. With respect to the procedural allegation that PCRA counsel did not comply with *Santiago*, Appellant is mistaken in two respects. First, *Finley* applies to PCRA proceedings, whereas *Santiago* applies only to a direct appeal. *See Santiago*, 978 A.2d at 354 (*Anders* procedure arises from constitutional right of indigent defendants to representation in a direct appeal). Second, Appellant specifically alleges that PCRA counsel did not attach his cover letter advising Appellant of his rights following counsel's withdrawal to his motion. *See* Appellant's Brief, 5 (paginated). The certified record on appeal includes counsel's motion, and attached as Exhibit B is the letter informing Appellant that he could proceed *pro se* or with privately retained counsel. *See* Counsel's Motion to Withdraw, 7/29/25, Exhibit B. Upon our own review, we conclude that PCRA counsel complied with the *Finley* requirements by seeking leave to withdraw, filing a no-merit letter demonstrating why there were no issues to raise in an amended petition, and accurately informing Appellant how he could proceed. *See* Counsel's Motion

- 17 -

to Withdraw, 7/29/24, Exhibits A & B; **see also Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (setting out Finley requirements for withdrawal of PCRA counsel). We discern no error in the **Finley** procedure.

With respect to the allegation that PCRA counsel fraudulently claimed to review the record in Appellant's case where he did not have the original homicide file or discovery, **see** Appellant's Brief, 4-5 (paginated), Appellant misunderstands what was relevant to the instant PCRA proceeding. Appellant's *pro se* petition was filed more than 27 years after his judgment of sentence became final and after seven prior PCRA proceedings. Accordingly, the first issue for counsel to determine was not whether there were any issues of possible merit to raise in a petition, but whether any issues raised were even reviewable in a facially time-barred petition. Counsel explained his determination that the issues Appellant sought to raise were unreviewable, either because they were subject to the PCRA's time bar with no exception applicable, or because they were not cognizable under the PCRA.

By stating its intent to grant appointed counsel's motion to withdraw, the PCRA court indicated its agreement with counsel's assessment that Appellant's PCRA petition was meritless after a conscientious review of the record. **See** Rule 907 Notice; **see also Commonwealth v. Miranda**, 317 A.3d 1070, 1075 (Pa. Super. 2024). "The purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims." **Commonwealth v. Smith**, 121 A.3d 1049,

1054 (Pa. Super. 2015).[8] Notably, Appellant did not respond to the Rule 907 notice at all, much less seek to amend his petition. In any event, we agree with both PCRA counsel and the PCRA court: Appellant's issues were unreviewable because they were subject to the time bar and, as we have found above, Appellant did not demonstrate that any exception applied. We therefore cannot conclude that PCRA counsel filed a "fraudulent" **Finley** letter and are satisfied that he could review the relevant record in the time allotted and make a proper legal conclusion that the petition was untimely and Appellant's claims could not be reviewed further. **See Pridgen**, 305 A.2d at 102 (PCRA counsel "cannot be deemed ineffective for failing to assert additional substantive claims over which the court had no jurisdiction").

In his seventh (reordered) claim, Appellant argues that the "trial court" erred by denying his subpoena *duces tecum*, citing Pa.R.Crim.P. 573. Appellant further contends that he "requested discovery materials through the Right-to-Know Act after numerous attempts by [him] at the [d]iscovery stage of proceedings and was denied by the District Attorney's Office and the

---

[8] "This does not mean that a defendant may raise entirely new claims that he could have presented prior to his response to the notice of intent to dismiss." **Commonwealth v. Rykard**, 55 A.3d 1177, 1189 n.8 (Pa. Super. 2012). Rather, "the response is not itself a petition[,] and the law still requires leave of court to submit an amended petition." **Id.** at 1189 (citing Pa.R.Crim.P. 905(A)).

[c]ourt." Appellant's Brief, 5-6.[9] As the PCRA court denied the motion on April 11, 2025, this is a direct appeal of that denial. Discovery in connection with a PCRA proceeding "is only permitted upon leave of court after a showing of exceptional circumstances." **Commonwealth v. Frey**, 41 A.3d 605, 611 (Pa. Super. 2012); **see also** Pa.R.Crim.P. 902(E)(1). "The PCRA and the criminal rules do not define the term 'exceptional circumstances.'" **Frey**, 41 A.3d at 611. It is for the PCRA court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted. **See Commonwealth v. Dickerson**, 900 A.2d 407, 412 (Pa. Super. 2006). Mere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery. **See id.**

We ordered that the certified record be corrected to include Appellant's motion for subpoena and the PCRA court's ruling. **See** Superior Court Order, 3/28/25; Appellant's Motion for Subpoena, 1/18/25, 3; PCRA Court Order, 4/11/25 (denying motion for subpoena). The PCRA court's order denying that

---

[9] We note that this issue was not included in Appellant's Rule 1925(b) statement. However, we permitted the correction of the record to include the motion for subpoena pursuant to Appellant's request filed on March 6, 2025, and ordered the PCRA court to rule on the motion prior to transmitting the certified record to this Court. **See** Superior Court Order, 3/28/25. As the subpoena issue was added by this Court only days before the filing of Appellant's Rule 1925(b) statement on March 31, 2025, and Appellant is incarcerated and *pro se*, we decline to find waiver. **See Commonwealth v. Zheng**, 908 A.2d 285, 288 (Pa. Super. 2006) (declining to find Rule 1925(b) waiver where under circumstances the appellant could not reasonably have known "until clarification is made in [court's] Rule 1925(a) opinion").

subpoena sets forth its rationale. **See** PCRA Court Order, 4/11/25, 1-3 (denying motion for subpoena).

Here, the PCRA court explained in its order denying Appellant's motion for a subpoena that Appellant had not invoked its jurisdiction in his eighth serial PCRA petition, which had been dismissed five months prior, and had not demonstrated an exceptional circumstance outside of "bareboned and self-serving allegations of a conspiracy between homicide detectives and the District Attorney's Office to hide the fact that cooperating witnesses were cooperating in other matters." PCRA Court Order, 4/11/25, 1-2 (denying motion for subpoena). Notably, Appellant offered "no supporting authority to prop up these bold allegations, and, given his inability to obtain PCRA relief, the court [found] no basis justifying the disclosure of the" homicide files pertaining to Appellant's case, all witness statements in the affidavit of probable cause and the coroner's inquest, trial, and sentencing transcripts. **Id.**, 1-3. In addition, we note that, in the context of this appeal, Appellant did not allege that the discovery he sought would provide evidentiary support for a time bar exception for any of the claims before us. **See** Appellant's Brief, 5-6 (paginated). Under these circumstances, we discern no abuse of discretion.

In sum, we agree with the PCRA court that Appellant's eighth petition was time barred, and Appellant did not plead and prove that any exception was applicable to permit review of any of the claims raised therein. To the extent that Appellant had not waived his allegation of PCRA counsel's ineffectiveness, we conclude that PCRA counsel's **Finley** letter was adequate

and that Appellant did not demonstrate he raised a claim in his petition that was not precluded from review by the PCRA time bar. We therefore affirm the order of the PCRA court denying Appellant's PCRA petition. In addition, we discern no abuse of discretion in the PCRA court's denial of Appellant's motion for discovery in the form of a subpoena *duces tecum*. Accordingly, we also affirm the PCRA court's order denying Appellant's motion.

Orders affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

2/3/2026